UNITED STATES of America,
Appellant,

v.

Dennis A. SHORTT, Appellee.

No. 89-2571.

United States Court of Appeals,
Eighth Circuit.

Submitted June 15, 1990.

Decided Nov. 27, 1990.

William G. Crowe, Springfield, Mo., for appellant.

Scott B. Tinsley, Springfield, Mo., for appellee.

Before ARNOLD and WOLLMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

ARNOLD, Circuit Judge.

This case is about a marital dispute that has made its way into federal court. Dennis Shortt was convicted by a jury of making and possessing a pipe bomb. The bomb was found in the bed of a pick-up truck owned by Lonnie Asher. Asher worked with Susan Shortt (Mrs. Dennis Shortt), and he was also having an affair with her. The pre-sentence report on Shortt recommended that he receive a sentence of approximately seven years in prison. The United States Sentencing Guidelines prescribe a sentence of approximately a year for these crimes. Instead of either alternative, the District Court sentenced Shortt to three years' probation. The government has appealed Shortt's sentence. It argues that the District Court erred in its findings at sentencing. It also contends that the Court's downward departure from the Sentencing Guidelines was unreasonable. We see no clear error in the Court's findings. We reverse and remand for re-sentencing, however, because the District Court erred in sentencing outside the Guideline range given the facts of this case.

I.

Some additional facts, important on appeal because they lend background or help determine Shortt's sentence, are these. Shortt's jury was presented with alternative explanations for the pipe bomb.[1] The

---

1. There were two trials in this case. The District Court ordered a second trial, after a guilty

government sought to prove that Shortt was determined to kill his wife's lover with the bomb. It introduced evidence that Shortt had purchased a radio transmitter that could detonate the bomb. Asher testified that Shortt had threatened to kill him. Finally, the government introduced into evidence the tools that were used to make the bomb. Those tools were found in the Shortts' garage.

Shortt denied that he built the bomb or had any knowledge of it. He claimed that Asher was trying to frame him—by building the bomb and making it seem like Shortt was out to kill him. Mrs. Shortt testified that she lent Asher some of the tools from the Shortts' garage that were used to make the bomb. Further evidence came in that Asher had a familiarity with motors and devices similar to this bomb. Another witness testified that rather than intending to kill Asher, Shortt had told her that he merely wanted to end the affair and scare Asher. Shortt took the stand and denied ever threatening Asher's life. The jury believed the government version of events. They found Shortt guilty of making and possessing a pipe bomb in violation of 26 U.S.C. §§ 5822, 5861(d) and (f).

The District Court's task then was to sentence Shortt for that crime, and it is that sentence that has generated this appeal. The Sentencing Guidelines recommend that a defendant convicted of this crime go to jail for a period between ten months and a year and four months. The pre-sentence report, prepared by the local probation office, recommended that Shortt spend between six and one-half years and eight years and one month in prison. The report reached this higher recommendation by suggesting that Shortt's sentence be enhanced because of the nature of his crime. That is, since he tried to kill Asher with this bomb, he should receive a more serious sentence. Further, since he initially denied purchasing the radio transmitter that could be used to detonate the bomb, his sentence should be enhanced for obstructing justice. Shortt contended at sen-

tencing, however, that none of these enhancements was justified by the evidence at trial. His lawyer also argued that because of the detrimental effect on Shortt's immediate and extended family, he should not have to serve any time in prison.

The District Court rejected the recommendations of the pre-sentence report. The Court found that Shortt did not intend to kill Asher. The Court also found that he did not obstruct the investigation. Moreover, since Mrs. Shortt has a history of drug and alcohol abuse problems, and Mr. Shortt is the sole source of income for their family, and also helps his disabled father farm in rural Missouri, the Court agreed that committing Shortt to prison would be detrimental to the family. When prompted by the probation officer for a specific reason why the Court was departing downward from the Guidelines, the District Court pointed to Asher's provocation of this crime. The District Court ultimately sentenced Shortt to three years' probation for making the pipe bomb and another three years' probation for possessing it. The sentences were made concurrent.

## II.

We turn first to the government's second contention—that there is clear error in the facts found at sentencing. We are unconvinced. The government's attack here goes to the District Court's refusal to follow the pre-sentence report's recommendation of a much higher sentence. The government points to two specific instances of factual error: the Court's findings that Shortt did not intend to kill Asher with the pipe bomb, and that he did not obstruct the investigation by denying that he owned a Futaba remote-control transmitter. The evidence on these points was mixed. In such a case we defer to the District Court's conclusions.

■ Contrary to the government's contention, the jury's verdict does not conclude the question of Shortt's intent.[2] The Court

---

verdict in the first proceeding, because of evidentiary errors.

2. It does not advance the government's contentions on appeal to point out that the District Court stated at sentencing that it did not believe

was entitled to credit or discredit the witnesses' testimony on this point, and that is precisely what it did here. The Court accepted the testimony of the witnesses (including Shortt) who claimed that Shortt did not intend to kill anyone. This finding is supported by an additional fact: the government never proved that Shortt was close to Asher's truck when the bomb was there, and thus was capable of detonating it. It is true, as the government argues, that at the time of sentencing the District Court did not remember Asher's testimony that Shortt threatened to kill him during a telephone conversation. S.T. 5–6. This error in memory does not, however, amount to an error of law. We have reviewed this record with care. Asher's brief testimony is the whole of the evidence tending to show that Shortt intended to kill him. Considering the weight of the other evidence supporting the District Court's contrary conclusion, we are not "left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (internal quotation omitted).

■ Nor is there error in the District Court's refusal to enhance Shortt's sentence for obstructing the investigation. The investigating agent repeatedly asked Shortt something about a remote-control transmitter, but there was a disagreement at trial over exactly what was asked. The agent testified he asked Shortt if he had ever purchased a Futaba transmitter, like the one that could have been used to detonate this bomb. The agent testified further that Shortt repeatedly denied ever doing so. Shortt recalls that the agent asked him whether he had a remote-control airplane or car kit at his house, and that he explained to the agent that he did not. Shortt's brother was present when some of the questioning took place. His memory of the questions supports Shortt's recollection. Shortt later signed a statement admitting that he had bought a Futaba transmitter, but also claiming that it had been stolen out of his car before he brought it home.

We are not persuaded that Shortt's answers amounted to an obstruction of the investigation under U.S.S.G. § 3C1.1. Shortt consented to the search of his home and garage. He fully cooperated in that search by assisting the officers in locating all kinds of items. Shortt eventually admitted that he had purchased a Futaba transmitter, while noting that he didn't recall being specifically asked about a transmitter during the search of his home. Further, the District Court correctly noted that when the sentencer is considering an obstruction enhancement, the defendant's statements should be viewed in the light most favorable to him. U.S.S.G. § 3C1.1 (Application Note 1). Given this admonition, and the defendant-appellee's other cooperation, the District Court's refusal to enhance Shortt's sentence on this ground is not clear error.

These are close questions. We have the district courts to exercise their sound discretion and answer such questions. The District Court did so here, and we will not disturb its findings. There is ample evidence in this record to support the Court's findings that Shortt lacked the intent to kill Asher, and that he did not materially hinder this investigation. Accordingly, the Court's refusal to follow the recommendation—and that is what it is, only a recommendation—of the probation office was not error.

The government's other contention, that the District Court's downward departure was unreasonable, is more troubling. Even if the probation office's recommendation was not followed, the Sentencing Guideline's recommended sentencing range must be followed, absent special circumstances, as a matter of law. Here, the District Court substantially departed from that range. Shortt was sentenced to three years on probation, rather than to any time in prison. While we have recognized the

---

the defendant was guilty. After it expressed that opinion, the Court immediately noted that its view of the defendant's guilt was irrelevant.

At sentencing the Court felt "bound by the jury verdict." S.T. 20, 22.

play in the joints of the Sentencing Guidelines, see, *e.g., United States v. Smith,* 909 F.2d 1164, 1168–69 (8th Cir.1990), careful and considered findings (explaining why a case is unusual) must justify each departure. Otherwise, we cannot fulfill our statutory obligation to review departures for reasonableness. 18 U.S.C. § 3742(e)(3).

The District Court offered two reasons for its departure: the defendant's family circumstances, and Asher's provocation of Shortt's actions. It may be legally possible for either of these kinds of circumstances to justify a departure. In this case, however, the facts do not support the District Court's decision to sentence outside the Guideline range. Here, we have what amount to off-hand references to Shortt's family circumstances. Those observations are insufficient. Shortt has two brothers who can help their father farm. Mrs. Shortt testified at trial that she had overcome her drug and alcohol problems. All families suffer when one of their members goes to prison. That is why family circumstances are not, in the words of the policy statement, "ordinarily relevant." U.S.S.G. § 5H1.6. Shortt's case is not extraordinary. It is not outside "the heartland" of cases the Guidelines are designed to cover. U.S.S.G., Ch. 1, Pt. A, Introduction 4(b) (Departures).

In terms of the victim's provocation, the Guidelines specify several circumstances that the sentencing court "should consider" before departing on that ground. U.S.S.G. § 5K2.10 (Policy Statement). We see no evidence of any such consideration in the record before us; nor could there be, since this policy statement does not apply to Shortt's case. While the District Court is surely correct that "there's hardly any greater provocation than to have someone having an affair with your spouse[,]" that is not the end of the matter. S.T. at 25. The further question remains: provocation for what? A concern for the proportionality of the defendant's response is manifested by the terms of § 5K2.10. The policy statement dwells on the circumstances of the confrontation and the characteristics of the victim. But Shortt's crime was not

about a confrontation or Asher's characteristics. Though certainly wrongful and provocative, adultery does not justify blowing up the adulterers, or building a bomb capable of doing so. As was the case with Shortt's family circumstances, the victim's provocation in this record simply does not warrant a departure.

\*   \*   \*

The District Court correctly identified the Guideline range applicable to Shortt's case. It erred, however, in straying outside this range when it sentenced him. Accordingly, we vacate the defendant-appellee's sentence and remand his case to the District Court for re-sentencing. Shortt must be sentenced within the range prescribed by the Guidelines in effect at the time of his crime.