UNITED STATES of America, Appellee,

v.

Jeff **VIDRICKSON**, Appellant.

No. 92–2512EA.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 10, 1992.

Decided July 13, 1993.

Gene O'Daniel, Little Rock, AR, argued, for appellant.

Patrick C. Harris, Asst. U.S. Atty., Little Rock, AR, argued, for appellee.

Before WOLLMAN, Circuit Judge, BRIGHT and HENLEY, Senior Circuit Judges.

PER CURIAM.

On March 30, 1992, Jeff Vidrickson pled guilty to conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 (1988). He appeals his sentence of thirty-three months and fine of $7,500. Vidrickson contends the district court[1] erred in

(1) concluding it was without discretion to depart downward based on family circumstances; and (2) assessing a $7,500 fine despite the severe financial hardship caused the family. We affirm.

## I.

On February 18, 1992, the Grand Jury indicted Vidrickson for conspiracy to possess with intent to distribute marijuana, alleging he ordered 100 pounds of marijuana from a confidential informant and arranged for another person to pick up the marijuana in Little Rock, Arkansas and deliver it to him in Salina, Kansas. Vidrickson originally pled not guilty and later changed his plea to guilty.

On June 8, 1992, Vidrickson filed a Motion for Downward Departure, citing his lack of a criminal record and financial hardship caused by numerous medical bills from his wife's recent operation.[2] He stated that the levy of any fine would cause his family financial hardship, which was corroborated by the United States Probation Officer in the Presentence Report (PSR). On June 29, 1992, the district court sentenced Vidrickson to thirty-three months and assessed a fine of $7,500, both of which reflect the minimum within his guideline range. This timely appeal followed.

## II.

Vidrickson contends the district court erred in concluding it was without discretion to depart downward from the thirty-three-month minimum sentence based on his lack of a criminal record[3] and his family circumstances.

Ordinarily, family ties are not relevant in determining whether to depart from the Guidelines sentencing range. U.S.S.G. § 5H1.6 (Nov.1991). Nevertheless, the court may depart whenever "there exists an aggravating or mitigating circumstance of a kind,

---

1. The Honorable George Howard, Jr., United States District Court for the Eastern District of Arkansas, Western Division.

2. According to the Presentence Report, Vidrickson owes $1,500 in hospital bills.

3. Vidrickson was sentenced based on a Criminal History Category of I, which adequately took into account his lack of a criminal record.

or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b) (1988). When a district court erroneously believes it is without discretion to consider mitigating factors relevant to a downward departure, the appellate court should remand the case for possible resentencing. *United States v. Whitetail,* 956 F.2d 857, 864 (8th Cir.1992).

 Extraordinary family circumstances can be used to support downward departures. *United States v. Johnson,* 964 F.2d 124, 129 (2d Cir.1992); *United States v. Pena,* 930 F.2d 1486, 1495 (10th Cir.1991). *See also United States v. Big Crow,* 898 F.2d 1326 (8th Cir.1990). The PSR indicates Vidrickson provides the primary support for his family, which includes his wife and two children, ages three and nine, at home. His family also includes a nineteen-year-old daughter in North Carolina, and a sixteen-year-old son, for whom he provides $225 monthly in child support, in Norton, Kansas.

In denying a downward departure, the district court stated:

The Court is not persuaded that this case is one that would be consistent with a downward departure, or stated differently, I'm not persuaded that the circumstances involved in this case are such that we could safely say the sentencing commission did not consider or the guidelines in no way foresaw. The Court has had a couple of cases, one in particular I believe is United States versus Tucker, where there was a departure downwardly. It was extensively researched. Counsel argued on a [sic] least two occasions, and I'm not persuaded that this is the sort of case that would justify a downward departure.

Sent.Tr. at 9. The sentencing judge's reference to *United States v. Tucker,* 793 F.Supp. 894 (E.D.Ark.1992),[4] an opinion he authored, indicates that he understood that under exceptional circumstances he possessed the discretion to depart downward, but that here he did not find exceptional circumstances and, accordingly, declined to exercise his discre-

tion to reduce the sentence below the Guidelines. Thus, the sentence of incarceration becomes unreviewable and we must affirm. *United States v. Evidente,* 894 F.2d 1000 (8th Cir.), *cert. denied,* 495 U.S. 922, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990).

### III.

 Vidrickson further contends the district court erred in assessing the $7,500 fine. The district court must levy a fine unless Vidrickson establishes he is unable to pay. U.S.S.G. § 5E1.2(a). The district court may waive the fine if it determines the "imposition of a fine would unduly burden the defendant's dependents...." U.S.S.G. § 5E1.2(f). The PSR described Vidrickson's financial status, and concluded "a fine would be an undue hardship on the family if the defendant is incarcerated as he provides the majority of the income for the family. If the defendant is not incarcerated, he could pay a small fine...." PSR ¶ 51. The district court adopted the PSR's findings regarding Vidrickson's financial status, but rejected its recommendation and assessed the $7,500 fine, the minimum fine within Vidrickson's range.

As required, the district court made specific findings showing it considered mitigating factors before assessing the fine. *See United States v. Walker,* 900 F.2d 1201, 1206 (8th Cir.1990). The district court concluded that a fine was appropriate, observing that Vidrickson's personal valuation of his assets less indebtedness constituted a net worth of $18,254. While the PSR recommended no fine because "a fine would be an undue hardship on the family," the district court rejected this suggestion and assessed the minimum fine. The district court stated:

Now, after looking at defendant's financial standing the Court is persuaded a fine is justified in this action. For example, he has assets totaling [$]22,476. He has unsecured debts in the amount of $4,232. So he has a positive net worth of $18,254. He has a monthly cash flow of $2,550. That

---

**4.** This court reversed *Tucker,* but long after the trial judge sentenced Vidrickson. *United States*

*v. Tucker,* 986 F.2d 278 (8th Cir.1993).

takes into consideration his spouse's gross salary of $800, commission income $700 and gross monthly salary $1,050. His necessary living expenditures come to $2,355, so he has a net monthly cash flow of $195.

The Court is aware that he has a family. Certainly the family will need funds while he is being incarcerated and certainly the Court will do nothing to deprive the family of the necessities of life. But when we look at his assets, there are items that the Court feels can be disposed of without jeopardizing the welfare of his family. There is a 1982 Nissan Maxima valued at $2,175 a Harley Davidson motorcycle, $2,200, a 1985 Dodge van, $4,475, a 1975 Ford truck, $1,325 and a 1982 boat $5,000. So there will be a $7,500 fine.

Sent.Tr. at 10–11.

We cannot say that the district court erred in assessing the fine.

Accordingly, we affirm.

·BRIGHT, Senior Circuit Judge, concurring separately.

Although the district judge did not commit error in this case, the underlying circumstances disclosed by the PSR might justify a sentence below the guideline range and a waiver of any fine because of family hardship.

This was Vidrickson's first conviction. The record shows he has met his substantial family obligations and has maintained a good employment record. His employer wrote the court that Vidrickson is:

'one of the best salesman employees that has ever worked for his company. His work habits and attendance have been excellent, his sales ability is top notch. His attention to detail and thoroughness concerning his job is the best. He is very reliable. I can always depend on him to get the job done. He is well liked and very respected by all the customers he calls on. He is truly an asset to the company.'

Sent.Tr. at 4.

The family will need to sell assets to pay the assessed fine. Vidrickson's incarceration reduces the monthly cash flow to his wife and children from $2,550 to something less than $800 per month and makes it impossible for him to comply with his child support obligation of $225 per month. It takes no stretch of the imagination to conclude the family assets will soon be exhausted for simple living expenses, not to mention the outstanding bills from Mrs. Vidrickson's prior serious illness.[5] But this result follows from a rigid application of the sentencing guidelines.

Vidrickson seems unlikely to repeat his offense. Many people will suffer because of his sentence. Because of extreme hardship to the family, the court could justify a downward departure from the guideline range and a waiver of the fine without sacrificing society's interest in the punishment of the offender.

---

**5.** Although the trial court directed that the fine might be paid in installments, nevertheless the assets would need to be sold not only to pay the fine but to sustain the family during incarceration. Considering Mrs. Vidrickson's meager income, the reserve will soon be exhausted.