**UNITED STATES of America, Plaintiff–Appellant,**

v.

**John William GOFF, Defendant–Appellee.**

No. 93–2039.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1993.

Decided April 6, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied June 30, 1994.

Janet Jones, Washington, DC, argued, for appellant.

Charles Merz, St. Louis, MO, argued, for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

John William Goff pleaded guilty to one count of money laundering in violation of 18 U.S.C. § 1956(a). At sentencing, the district court determined that Goff's Guidelines sentence range is 51 to 63 months in prison under U.S.S.G. § 2S1.1. Finding that range "unduly harsh," the court departed downward and sentenced Goff to six months' incarceration with work release, citing as departure factors the absence of prior convictions, the "relatively minor" nature of the offense, Goff's advanced age, and the need to care for his family. The government appeals, arguing that the reasons relied upon by the district court do not justify a downward departure. We reverse.

A district court may depart from the Guidelines when "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). Parts 5H1 and 5K2 of the Guidelines define the relevance of many factors to the departure decision.

Departures are reserved for unusual cases, those outside the "heartland" carved by the remainder of the Guidelines. *See* Ch. 1, Pt. A, comment. 4(b). They are "intended to be quite rare." *United States v. Justice,* 877 F.2d 664, 666 (8th Cir.), *cert. denied,* 493 U.S. 958, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989). We review *de novo* whether the factors relied upon by the district court are permissible grounds for departure. *See*

*United States v. Maul–Valverde,* 10 F.3d 544, 546 (8th Cir.1993). In other words, whether a particular case falls outside the Guidelines' heartland is an issue of law.[1] Thus, we must examine each factor relied upon by the district court in granting Goff a downward departure.

■ *A. Criminal History.* In addition to placing Goff in Criminal History Category I, the district court gave as a reason for departure the fact that Goff had "no prior convictions that this Court must count." The Guidelines expressly provide:

> The lower limit of the range for Criminal History Category I is set for a first offender with the lowest risk of recidivism. Therefore, a departure below the lower limit of the guideline range for Criminal History Category I on the basis of the adequacy of criminal history *cannot be appropriate.*

§ 4A1.3, p.s. (emphasis added). Thus, departure for this reason "is an incorrect application of the guidelines." *United States v. Simpson,* 7 F.3d 813, 819 (8th Cir.1993).

*B. Minor Offense.* Goff pleaded guilty to Count I of a two-count money laundering indictment. This count alleged that Goff had violated 18 U.S.C. § 1956(a)(1)(B)(ii) by advising his client, drug dealer Michael Salsman, to structure a $15,000 cash deposit so as to avoid the filing of a currency transaction report with the Internal Revenue Service. At the change-of-plea hearing, Goff admitted suspecting that Salsman's funds were the proceeds of illegal activity, but denied knowing that Salsman had engaged in drug crimes. In exchange for his plea, the government dropped count two of the indictment, which charged Goff with helping Salsman launder a far larger sum of money.

The PSR assigned Goff a base offense level of 20 under § 2S1.1(a)(2). Disregarding the change-of-plea proceedings, the PSR also assessed two enhancements—it increased Goff's BOL by three levels because he knew Salsman's funds were illegal drug proceeds, *see* U.S.S.G. § 2S1.1(b)(1), and by one additional level because he laundered more than $100,000, *see* § 2S1.1(b)(2)(B), including the sum charged in the dismissed Count II. Goff filed written objections to these PSR findings, but no evidentiary hearing was held.

■ At sentencing, the district court accepted the PSR's findings but departed because of Goff's "relatively minor" offense:

> "[M]oney laundering takes all kinds of forms from Swiss bank accounts and all kinds of other major things like that, to something that's relatively minor. And I think this is relatively minor."

On appeal, Goff argues that this departure was appropriate, citing *United States v. Skinner,* 946 F.2d 176 (2d Cir.1991). In *Skinner,* the court held that a downward departure from § 2S1.1 would be appropriate for conduct that violated the literal language of 18 U.S.C. § 1956 but was not intended to conceal criminal activity or to promote further crimes. *See also United States v. White Buffalo,* 10 F.3d 575, 576 (8th Cir.1993) (downward departure may be warranted under § 5K2.11 for conduct that is only "technically unlawful"). Goff suggests that an appropriate base offense level in this case would be 13, the level prescribed for currency transaction structuring offenses at the time of Goff's sentencing. *See* U.S.S.G. § 2S1.3; App. C. ¶ 490.

Goff's reliance on *Skinner* is misplaced, for his offense conduct is squarely within the prohibitions of § 1956. At the change-of-plea hearing, Goff admitted that he knew or suspected that Salsman had bought property with the proceeds of illegal activity, and that he told Salsman filing a currency transaction report "could get them all in trouble." In these circumstances, Goff's conduct was not merely technically unlawful. Therefore, his base offense level must be determined in accordance with § 2S1.1, and a downward

---

1. In *United States v. Rivera,* 994 F.2d 942, 952 (1st Cir.1993), the First Circuit modified this standard to give greater deference "to sentencing court determinations of whether (and the extent to which) given circumstances make a case 'unusual' or 'not ordinary.' " This circuit has not adopted that modification. *See, e.g., United States v. Groene,* 998 F.2d 604 (8th Cir.1993). The author of this opinion agrees with the *Rivera* modification but does not believe that its adoption would change the result in this case.

departure may not be based upon the "relatively minor" nature of his offense.

Although the nature of Goff's criminal activity has been adequately taken into consideration in § 2S1.1, and therefore may not justify a departure, we are concerned that the district court's blanket acceptance of the PSR, including the 4–level enhancements under § 2S1.1(b), to which Goff specifically objected, may have been based upon the court's intention to depart downward, rather than a careful consideration of whether the government met its burden of proof with respect to those enhancements. Therefore, on remand, the district court is encouraged to reconsider those enhancements on a proper factual record. *See United States v. Montanye*, 996 F.2d 190, 192–93 (8th Cir.1993) (en banc).

■ *C. Family Responsibilities.* "Family ties and responsibilities ... are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." § 5H1.6, p.s. Thus, only "[e]xtraordinary family circumstances" may justify a downward departure. *United States v. Vidrickson*, 998 F.2d 601, 603 (8th Cir.1993). At the time of his sentencing, Goff was supporting three young sons, and his wife had begun receiving Social Security disability benefits for a depression disorder and panic attacks. With Goff retired, the family's primary source of income is rental property that Goff manages.

■ We cannot agree with the district court that this family situation is so extraordinary as to warrant a downward departure. "All families suffer when one of their members goes to prison." *United States v. Shortt*, 919 F.2d 1325, 1328 (8th Cir.1990) (reversing downward departure for defendant who was sole source of family income, helped his disabled father to farm, and whose wife had a history of substance abuse). Even a defendant's status as a single parent does not warrant a downward departure. *See United States v. Harrison*, 970 F.2d 444, 447–48 (8th Cir.1992); *United States v. Johnson*, 908 F.2d 396, 399 (8th Cir.1990). The Goff family has multiple sources of income

and a substantial net worth, and in any event, "personal financial difficulties ... do not warrant a decrease in sentence." § 5K2.12, p.s. Though we do not underestimate the hardship that Goff's incarceration will cause his family, his family responsibilities are simply not outside the heartland of cases that the Sentencing Commission has considered. *Compare United States v. Neil*, 903 F.2d 564, 566 (8th Cir.1990).

■ *D. Age.* Like a defendant's family responsibilities, his age is not "ordinarily relevant" in determining whether to depart. § 5H1.1, p.s.[2] At sentencing, Goff was 67 years old and in good health. We have consistently denied departures to healthy defendants in this age group. *See United States v. Tucker*, 986 F.2d 278, 280 (8th Cir.) (reversing downward departure and imposing six-year statutory maximum sentence on 67 year-old defendant), *cert. denied*, — U.S. —, 114 S.Ct. 76, 126 L.Ed.2d 44 (1993); *Harrison*, 970 F.2d at 447 (no departure warranted for healthy, 64 year-old defendant). Goff's age cannot justify the district court's downward departure.

Having carefully considered the record and the factors relied upon by the district court, we conclude that those factors, whether viewed singly or in combination, do not take this case outside the Guidelines' heartland so that a downward departure is warranted. Accordingly, the sentence is reversed, and the case is remanded to the district court with instructions to resentence Goff within the appropriate Guidelines range.

HEANEY, Senior Circuit Judge, concurring and dissenting.

I join all of the court's opinion but section C on family responsibilities. I particularly agree with the view expressed in footnote one that deference should be given to the district court's finding that the circumstances of a particular case make it unusual or out of the ordinary. Whether or not one applies that notion to the family circumstances in this case, I believe the facts warrant the

2. This policy statement goes on to state that age "may be a reason to [depart downward] when the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration."

district court's decision to depart on the basis of Goff's family responsibilities. Although we must remand for resentencing because of the court's consideration of factors that I agree are not available under our precedents, I believe the district court should be allowed to consider departing solely on the basis of family circumstances. It is on that basis that I am compelled to dissent.

This is not simply an ordinary case of a family suffering whatever tangible or intangible harm ordinarily accompanies incarceration of one of its members. The district court found that Goff's presence was absolutely necessary to his family's well-being, and departed on that basis. The issue is not whether Goff's family will suffer financially, but whether his family responsibilities are extraordinary. His wife, who is thirty years his junior, was found by the district court to be entirely disabled and unable to care for their children. She has been declared totally disabled by the Social Security Administration due to her serious emotional and psychological problems. In addition to his disabled wife, Goff is responsible for three young children. At the time of sentencing, his children were eleven years old, four years old, and six months old. Health care personnel familiar with the situation stated in no uncertain terms that his wife is unable to care for the children.

This leaves the question whether these circumstances are any different than those of a single-parent family, which, unbelievably to me, we have held to be absolutely ordinary, apparently without exception. The district court believed that these circumstances are sufficiently different to warrant departure, and I cannot conclude as a matter of law that this finding was error. In fact, I believe that these circumstances fully support departure, and we should simply remand to the district court to determine the degree.

Were Goff's appeal being heard in the Second or Tenth Circuits, the government would practically be forced to concede the propriety of departure under these circumstances. *See United States v. Johnson,* 964 F.2d 124, 127–30 (2d Cir.1992); *United States v. Pena,* 930 F.2d 1486, 1494–95 (10th Cir.1991). In the First and Third Circuits, the precedents lean toward allowing this departure. *See United States v. Sclamo,* 997 F.2d 970, 973–74 (1st Cir.1993); *United States v. Gaskill,* 991 F.2d 82 (3d Cir.1993). Our precedents are, of course, much stingier in the discretion we choose to allow the district courts in these matters, but even under those precedents, which admittedly do not allow departure for several of the reasons relied on by the district court, departure based on the defendant's unusual family responsibilities is warranted. The strongest Eighth Circuit case against departure is probably *United States v. Harrison,* 970 F.2d 444 (8th Cir.1992), but in that case the court specifically noted that most of the assertions involving the other family members' inability to care for the young children in question were undocumented. *See id.* at 448 n. 4. In this case, the district court had ample evidence on which to base its findings that Goff's wife was herself disabled and that she was therefore unable to care for their children. Goff's family responsibilities are unusual, and rather than simply follow our existing precedents on this question, the court today closes another avenue through which district courts might otherwise rightfully exercise their discretion in sentencing.

Congress did not intend to make calculating machines of our district judges, yet time and time again this court has seen fit to remove discretion from the district courts, where it is subject to review by this court, and transfer that discretion to prosecutors whose actions remain utterly unreviewable. Today the court pulls another plank from beneath the district judges, mandating that they swim in the sea of the guidelines, instructing them that any attempt to reach higher ground and exercise their informed judgment about the facts of a defendant's life will be frustrated by this court, and again I am compelled to dissent.