UNITED STATES of America

v.

Frank Charles PIPICH.

Crim. No. S 88–097.

United States District Court, D. Maryland.

July 20, 1988.

Breckinridge L. Willcox, U.S. Atty., Dist. of Md. and Thomas P. O'Neil, III, Asst. U.S. Atty., Baltimore, Md., for the Government.

Michael S. Libowitz, Baltimore, Md., for defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

The defendant in this criminal case entered a guilty plea to a one-count criminal information charging him with theft of mail matter by a postal employee in violation of 18 U.S.C. § 1709. Because the offense occurred subsequent to November 1, 1987, the Sentencing Reform Act of 1984, *codified* at 18 U.S.C. § 3551 *et seq.*, applies.

The presentence investigation report reveals that the defendant served in the United States Marine Corps from February 1, 1968 to January 31, 1972. He served in combat in Vietnam from September 9, 1969 to September 8, 1970. He received over 45 awards of the Air Medal, including one special award for heroism in connection with the extraction of a reconnaissance team that was surrounded by North Vietnamese forces on the night of October 31, 1969. The defendant was awarded the Purple Heart twice. He was also the recipient of several Vietnamese awards.

The calculations performed by the Probation Service pursuant to the Sentencing Reform Act of 1984 resulted in an offense level of 7, with a criminal history category of I. The resulting guideline sentence from the sentencing table of the Sentencing Guidelines is 1–7 months. The Court, considering all the factors set forth in 18 U.S.C. § 3553(a), has concluded that probation is an appropriate sentence. Pursuant to Guideline § 5B1.1(a)(2), the Court is required to impose a condition or combination of conditions of probation requiring intermittent confinement or community confinement as detailed in Guideline § 5C2.1(c)(2).

At sentencing, the defendant's counsel argued for a departure from Guideline § 5B1.1(a)(2), on the ground that an exceptional military service record such as that possessed by this defendant is a factor that satisfies the departure language of 18 U.S.C. § 3553(b), which provides that a court may depart from the guideline sentence otherwise required by Section 3553(a)(4) when it finds that "there exists an aggravating or mitigating circumstance of a kind, or to a degree, that was not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

At sentencing, the Government took no position on the issue. Representatives of the Probation Service of this District took the position that, although the Guidelines do not address a military record as a ground for departure, up or down, from the guideline sentences, the Probation Service internally considers military service to be simply a form of employment history, and gives it no weight in the sentencing calculus. According to the Sentencing Commission's policy statement at Guideline § 5H1.5, "Employment record is not ordinarily relevant in determining whether a sentence should be outside the guidelines...."

▮ In this case, a sentence of probation that does not include community or intermittent confinement is "outside the guidelines," as that phrase is used in Guideline § 5H1.5. The departure statute, Section 3553(b), as amended, tells the Court where to look in determining whether a circumstance was adequately taken into consideration by the Commission. The sources to be consulted by the Court are *only* the Guidelines, the Commission's policy statements, and its official commentary. Section 5H1.5, pertaining to employment record, is a policy statement of the Commission, and there is no official commentary discussing it. Therefore, from the lack of any discussion of military service history, the Court determines that the Commis-

sion did not at all take into account a defendant's military record as a factor in formulating the Guidelines, and that it is one that could result in a sentence different from the Guidelines.

This Court is of the opinion that a person's military record is a relevant factor to be considered at sentencing, because it reflects the nature and extent of that person's performance of one of the highest duties of citizenship. An exemplary military record, such as that possessed by this defendant, demonstrates that the person has displayed attributes of courage, loyalty, and personal sacrifice that others in society have not. Americans have historically held a veteran with a distinguished record of military service in high esteem. This is part of the American tradition of respect for the citizen-soldier, going back to the War of Independence. This American tradition is itself the descendant of the far more ancient tradition of the noble Romans, as exemplified by Cincinnatus.

In ignoring a defendant's military service record, the Commission has done a disservice (albeit unintentional) to those ex-service men and women who have served their country faithfully in time of war or other need, and who later find themselves brought before a federal court on criminal charges. As the Judges of this Court have previously unanimously noted, *see United States v. Bolding*, 683 F.Supp. 1003 (D.Md. 1988), a criminal defendant is entitled to due process in sentencing, which includes consideration of the factors peculiar to him or her that are relevant to the exercise of judicial discretion in sentencing.

The Court holds, therefore, that a person's military record is a relevant sentencing factor that was not considered by the Sentencing Commission and should be considered as an aggravating or a mitigating factor at sentencing. In this case, the Court finds that the defendant's exceptional military record is a mitigating factor that warrants departure from Guideline Section 5B1.1(a)(2). Therefore, the defendant will be sentenced to a period of probation, *without* a condition or combination of conditions requiring intermittent confine-

ment or community confinement. The Court is of the opinion that probation, with appropriate special conditions, is a sufficient sentence in this case to serve the ends of justice and fairness, and it will not impose confinement of any sort.