**UNITED STATES of America, Appellee,**

v.

**Joseph E. LANG, Appellant.**

**No. 89–1464.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 12, 1990.

Decided March 28, 1990.

Dana C. Bradford, III, Omaha, Neb., for appellant.

Thomas D. Thalken, Omaha, Neb., for appellee.

Before ARNOLD and BOWMAN, Circuit Judges, and HUNTER,* Senior District Judge.

_____

* The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri, sitting by designation.

ELMO B. HUNTER, Senior District Judge.

Joseph E. Lang pled guilty to possession of firearms by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(a). He was sentenced pursuant to the United States Sentencing Guidelines to serve twenty-one months imprisonment followed by a three-year term of supervised release. On appeal Lang argues the district court[1] incorrectly enhanced his sentence by raising his criminal history category from III to IV. Lang further contends the district court incorrectly considered his involvement in a bank fraud scheme in sentencing Lang to the maximum term of imprisonment within the guideline range. We affirm.

## I. BACKGROUND

On July 20, 1988, Lang and four other individuals were charged in a nine-count indictment with conspiracy to commit bank fraud, possession of false identification documents, and use of the mail to perpetrate a fraud. On the same date, Lang was charged in a separate one-count indictment as a convicted felon in possession of firearms. Lang entered a plea of guilty to the firearms charge contained in the one-count indictment, and the charges against him relating to the bank fraud scheme were dismissed.

In his presentence report, the federal probation officer recommended a total offense level of 10 under Guidelines sections 2K2.1(a) and 2K2.1(b)(1).[2] Lang's criminal history category was calculated to be III.[3] A total offense level of 10 coupled with a criminal history category of III translated into a sentencing range of 10–16 months.

In imposing sentence, however, the court increased Lang's criminal history category to level IV pursuant to section 4A1.3. This upward departure, combined with a total offense level of 10, resulted in a higher guideline sentencing range of 15–21 months. Considering Lang's involvement in the bank fraud scheme, the court sentenced him to twenty-one months imprisonment.

## II. DISCUSSION

Lang first argues the district court improperly departed upward from the criminal history category computed under the guidelines. The sentencing court may depart from the guidelines only if it "finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). A departure from the applicable guideline range is affirmed unless it is "unreasonable." 18 U.S.C. § 3742(e).

■ Guided by this statutory framework, the First Circuit set forth a three-step test for reviewing sentences departing from the guidelines in *United States v. Diaz–Villafane*, 874 F.2d 43, 49 (1st Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989):

First, we assay the circumstances relied on by the district court in determining that the case is sufficiently "unusual" to warrant departure. That review is essentially plenary: whether or not circumstances are of a kind or degree

---

1. The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

2. § 2K2.1 was amended November 1, 1989.

3. The probation official evaluated Lang's criminal history as follows. In 1969 Lang pled nolo contendere to a charge of receiving a stolen motor vehicle and was sentenced to four years probation. However, no criminal history points were assessed for this offense because it occurred more than ten years prior to the instant offense. In 1983 Lang was fined $100 for carrying a concealed weapon. In 1984 Lang was found guilty by jury trial of receiving stolen

property in excess of $1,000 and was sentenced to two years probation. Finally, in 1987 Lang was charged with being a felon in possession of a firearm, possession of a short shotgun, and carrying a concealed weapon. Lang pled guilty to carrying a concealed weapon, a misdemeanor, which resulted in a sentence of two years of probation and a $200 fine.

The probation officer assigned Lang one criminal history point for each of the latter three convictions under section 4A1.1(c). The probation officer then assessed Lang two additional criminal history points pursuant to section 4A1.1(d) because Lang committed the instant offense while on probation.

that they may appropriately be relied upon to justify departure is, we think, a question of law.

Second, we determine whether the circumstances, if conceptually proper, actually exist in the particular case. That assessment involves factfinding and the trier's determinations may be set aside only for clear error. *See* 18 U.S.C. § 3742(d).

Third, once we have assured ourselves that the sentencing court considered circumstances appropriate to the departure equation and that those factors enjoyed adequate record support, the direction and degree of departure must, on appeal, be measured by a standard of reasonableness. 18 U.S.C. § 3742(e). In this context, reasonableness is determined with due regard to "the factors to be considered in imposing a sentence," generally, and "the reasons for the imposition of the particular sentence, as stated by the district court...." 18 U.S.C. § 3742(d)(3).

This third step involves what is quintessentially a judgment call. District courts are in the front lines, sentencing flesh-and-blood defendants. The dynamics of the situation may be difficult to gauge from the antiseptic nature of a sterile paper record. Therefore, appellate review must occur with full awareness of, and respect for, the trier's superior 'feel' for the case. We will not lightly disturb decisions to depart ... or related decisions implicating degrees of departure.

874 F.2d at 49–50 (citations and footnote omitted).

The First Circuit's three-step analysis is a sound and well-reasoned method for reviewing a sentence departing from the computed guideline range. Accordingly, we adopt the *Diaz–Villafane* test and will apply it to review the case at hand.[4]

■ The district court must provide "the specific reason for the imposition of a sentence different from that described." 18 U.S.C. § 3553(c); *United States v. Kennedy*, 893 F.2d 825, 827 (6th Cir.1990). The sentencing court in the instant case based its decision to upgrade Lang's criminal history category primarily on the fact that Lang has committed a series of crimes for which he has received probation or other lenient treatment.[5] The court emphasized that prior charges against Lang have been reduced through the process of plea bargaining on two separate occasions. Specifically, in 1969 Lang was charged with receiving a stolen motor vehicle in interstate commerce. Lang entered a plea of nolo contendere to the charge and received a sentence of four years probation. In 1987 Lang was charged with possession of a firearm as a felon, possession of a short shotgun, and carrying a concealed weapon. Lang pled guilty to the charge of carrying a concealed weapon, a misdemeanor, and received only two years probation. Thus, the sentencing court concluded that criminal history category III did not adequately represent the seriousness of Lang's criminal history. *See* Guidelines § 4A1.3.

■ The circumstances relied upon by the district court were "not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b).[6] We find such circumstances sufficient to justify departure. Furthermore, we find the degree of departure from the applicable guideline range to

---

**4.** The Sixth and Tenth Circuits also have adopted the three-step test enunciated in *Diaz–Villafane*. *See United States v. Joan*, 883 F.2d 491 (6th Cir.1989); *United States v. White*, 893 F.2d 276 (10th Cir.1990). The Ninth Circuit and the District of Columbia Circuit follow somewhat similar approaches. *See United States v. Lira–Barraza*, 897 F.2d 981 (9th Cir.1990); *United States v. Burns*, 893 F.2d 1343 (D.C.Cir.1990).

**5.** *See supra* note 4 for Lang's complete criminal history of convictions. The presentence report also reveals that Lang was charged in 1983 with receiving stolen items and theft by deception. Both of these charges were dismissed in 1984.

**6.** The 1969 conviction for receiving a stolen motor vehicle was not considered in computing Lang's criminal history category because it occurred more than ten years prior to the commencement of the instant offense. *See* Guidelines § 4A1.2(e)(2). Sentences excluded from the criminal history calculation under section 4A1.2(e)(2) may be properly considered in determining whether an upward departure is justified. *See United States v. Lopez*, 871 F.2d 513, 515 (5th Cir.1989); *see also United States v. Elmendorf*, 895 F.2d 1415 (6th Cir.1990) (Table) (text in Westlaw); *United States v. Pitman*, 888

be reasonable. We conclude that the district court's upward departure from the applicable guideline range was reasonable within the meaning of 18 U.S.C. § 3742(e).

 Lang also contends the district court improperly relied upon Lang's participation in the bank fraud scheme in sentencing him to twenty-one months imprisonment, the maximum sentence within the applicable higher guideline range. The district court has wide discretion in sentencing and its inquiry is "largely unlimited either as to the kind of information he may consider, or the source from which it may come." *United States v. Johnson*, 767 F.2d 1259, 1276 (8th Cir.1985) (quoting *United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972)). The court may consider criminal activity for which the defendant has not been prosecuted, provided the defendant is given a chance to rebut or explain it. *Id.* Lang was given an opportunity to rebut his participation in the bank fraud scheme. We conclude the sentencing court did not abuse its discretion in considering Lang's participation in the bank fraud scheme when determining the sentence imposed.

## III. CONCLUSION

For the reasons set forth above, we affirm the judgment of the district court.

F.2d 128 (6th Cir.1989) (Table) (text in West-   law).