**UNITED STATES of America, Appellee,**

v.

**Johnnie R. NEIL, Appellant.**

**UNITED STATES of America,
Appellant,**

v.

**Johnnie R. NEIL, Appellee.**

**Nos. 89–1371, 89–1483.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 15, 1989.

Decided May 14, 1990.

Rehearing Denied June 21, 1990.

Robert G. Duncan, Kansas City, Mo., for appellant.

Joseph Douglas Wilson, Washington, D.C., for appellee.

Before ARNOLD, FAGG, and MAGILL, Circuit Judges.

FAGG, Circuit Judge.

A jury convicted Johnnie R. Neil of conspiracy to distribute cocaine and possession

with intent to distribute cocaine. In sentencing Neil, the district court departed downward from the applicable sentencing guidelines range. Both Neil and the government appeal. We affirm Neil's convictions and remand to the district court for resentencing under the guidelines.

Federal narcotics agents arrested Neil during an undercover operation. Neil claims he was mistaken for an accomplice in a cocaine transaction when he was actually at the scene attempting to arrange for the arrest of his nephew's drug supplier. Neil contends there was insufficient evidence to prove he intended to distribute cocaine and he was prejudiced at trial when the court permitted rebuttal testimony by a narcotics agent. We conclude Neil's contentions are without merit.

It was the jury's task to determine whether Neil intended to distribute cocaine, and the jury resolved this question when it rejected Neil's version of his involvement in the cocaine exchange. *See United States v. Koua Thao*, 712 F.2d 369, 371 (8th Cir. 1983). Our review of the record convinces us there is sufficient evidence to sustain the government's burden of proof that Neil committed the crimes charged. *United States v. Gooden*, 892 F.2d 725, 729 (8th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 2594, 110 L.Ed.2d 274 (1990). Further, the district court properly permitted the government to rebut Neil's testimony by introducing evidence on rebuttal of Neil's admissions to one of the arresting narcotics agents. *United States v. Porter*, 544 F.2d 936, 939 (8th Cir.1976).

The government appeals the district court's downward departure from the range prescribed by the sentencing guidelines. At Neil's sentencing, the court reasoned that a downward departure was in order because of Neil's stable family life, his commitment to "assisting young people in various aspects of their community life," and his satisfactory military service. After observing this was Neil's first offense and the "interplay [of] pressure[s] [in] the family situation ... got out of hand," the court concluded departure from the guidelines was necessary because the "kind of sentence dictated by the guidelines is eminently unfair in this situation." The district court thus sentenced Neil to twenty-eight months imprisonment, a sentence well below the sixty-three to seventy-eight month range specified by the guidelines.

The district court must impose a sentence within the applicable guidelines range unless "the court finds ... mitigating circumstance[s] of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a [different] sentence." 18 U.S.C. § 3553(b) (Supp.V 1987). The guidelines materials clearly indicate that departures "were intended to be quite rare." *United States v. Justice*, 877 F.2d 664, 666 (8th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989). We apply a three-step test to decide whether a departure from the guidelines is permissible for the reasons stated by the district court. *United States v. Lang*, 898 F.2d 1378, 1379–80 (8th Cir.1990).

One reason the district court gave for its downward departure was Neil's stable family life and his involvement with young people. Under the guidelines, "[f]amily ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the guidelines." U.S.S.G. § 5H1.6 (Oct.1987). Although this policy statement necessarily implies these factors are sometimes relevant, *United States v. Rodriguez*, 724 F.Supp. 1118, 1121 (S.D.N.Y.1989), it is the Sentencing Commission's position that family ties and community commitments justify departure only when a district court "finds an atypical case, ... where [the] conduct [in question] significantly differs from the norm." U.S.S.G., ch. 1, pt. A, 4(b) at 1.6 (Oct.1987); *see also United States v. Williams*, 891 F.2d 962, 967 (1st Cir.1989) (departures must be restricted to those few instances where substantial atypicalities can be shown). Thus, our initial task is to decide whether Neil's family and community circumstances " 'are of a kind or degree that they may appropriately be relied [on] to justify departure.' " *Lang*, 898 F.2d at 1379–80 (quoting *United States v. Diaz–Villafane*, 874 F.2d 43, 49 (1st Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 177, 107

L.Ed.2d 133 (1989)). We do not believe they are.

Neil has apparently developed supportive family relationships and has also coached young athletes in his community, but there is nothing in these activities to distinguish Neil from other defendants who can make the same showing. Because Neil's situation is not sufficiently unusual, we conclude that his mitigating circumstances in these areas were adequately taken into consideration in the formulation of the guidelines. A departure is thus legally impermissible. *See* 18 U.S.C. § 3553(b). Despite our conclusion that Neil's activities do not warrant a downward departure, Neil's family and community ties may be considered in imposing Neil's sentence within the applicable guidelines range. *United States v. Brady*, 895 F.2d 538, 543 (9th Cir.1990).

■ Another reason the district court gave for its downward departure was that Neil had no criminal record. Although Neil's lack of a previous criminal record has sentencing relevance, U.S.S.G. § 5H1.8 (Oct.1987), the Sentencing Commission has adequately accounted for the absence of a criminal record in structuring the sentencing table. *United States v. Big Crow*, 898 F.2d 1326, 1331 (8th Cir.1990). Thus, Neil's first time offender status does not justify a downward departure. *Id.*

■ The final reason given by the district court for its downward departure was Neil's satisfactory military service. Because the guidelines are silent about military service as a potential basis for departure, we believe military service "could constitute grounds for departure in an unusual case." U.S.S.G., ch. 1, pt. A, 4(b) at 1.6. We must determine whether the mitigating circumstance identified by the district court and found to exist is of sufficient magnitude standing alone to justify a departure from the guidelines sentence. *Lang*, 898 F.2d at 1379.

Without ruling out the possibility that a veteran who has "displayed [the] attributes of courage, loyalty, and personal sacrifice that others in society have not" may have a military record that justifies a downward departure, *United States v. Pipich*, 688 F.Supp. 191, 193 (D.Md.1988), we conclude that Neil's commendable military service alone does not warrant a departure from the guidelines. Neil's military enlistment consisting of eleven years of duty within the continental United States, mainly as a recruiter, is not meaningfully distinguishable from the work history of steadily employed individuals holding responsible positions in the civilian work force. *See* U.S. S.G. § 5H1.5 (Oct.1987). Of course, the district court may weigh Neil's military record in deciding the sentence to be imposed within the applicable guidelines range. *See Brady*, 895 F.2d at 543.

Accordingly, we affirm Neil's convictions and remand the case for resentencing within the range established by the applicable sentencing guidelines.