**UNITED STATES of America, Appellee,**

v.

**John M. GARLICH, Appellant.**

**No. 91–2476WM.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1991.

Decided Nov. 27, 1991.

James R. Wyrsch and Jacqueline A. Cook, Kansas City, Mo., argued, for appellant.

Jean Paul Bradshaw II and Matt J. Whitworth, Kansas City, Mo., argued, for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

FAGG, Circuit Judge.

John M. Garlich, a car dealer, pledged the same vehicles as collateral for separate loans from two banks over a one-year period in violation of 18 U.S.C. § 1344. The Government charged Garlich with forty-four counts of bank fraud. After Garlich pleaded guilty to one count, the district court sentenced him to imprisonment for twelve months and one day. Garlich appeals his sentence. We vacate Garlich's sentence and remand to the district court for resentencing.

The district court determined Garlich's sentencing range under the guidelines was twelve to eighteen months. Garlich does not dispute the calculation of this range. Instead, Garlich asserts the district court should have granted his motion for a departure below this range based on several extraordinary mitigating factors: Garlich had liquidated all his assets to ensure full restitution to the banks over a year before his indictment; he had conserved judicial resources by entering an early guilty plea; his incarceration would unduly burden his wife, who was financially dependent on him; and he had a good reputation in the community, was consistently employed, and continued to lead a respectable life, thus, his criminal conduct was aberrant behavior.

Before his indictment, Garlich entered into a settlement agreement with both banks. Under the agreement, Garlich turned over his assets of $1.4 million to the banks as payment for the fraudulently obtained loans and capital loans on his car dealerships. The district court found the loss attributable to Garlich's scheme was approximately $253,000. At the sentencing hearing, the parties agreed Garlich's civil attorney would testify Garlich had discussed the settlement with him before learning of the FBI investigation into the

financing scheme. Later, when Garlich and his civil attorney learned of the investigation, the attorney advised Garlich he had no obligation to repay the loans. Garlich told the attorney he wanted to turn over his assets as planned.

After hearing the arguments on downward departure at the sentencing hearing, the district judge refused to depart, stating:

> [T]his is a white collar crime, that the [S]entencing [C]ommission has adequately considered.... I will not depart on the motion of the defendant.... I can only depart when the U.S. Attorney's office [applies] for departure. They haven't done so in this case. I agree with you, [defense counsel], ... I wouldn't have any problem at all putting this man on probation as a first offense for this fraudulent banking scheme that he devised, a financing scheme. I am of the opinion that I don't have the flexibility to do that.

 Garlich asserts the district court erroneously believed it had no power to depart from the guidelines range. Although we cannot review a sentencing court's refusal to depart downward, we have jurisdiction to review a claim that the sentencing court believed it lacked authority to depart. *See United States v. Evidente*, 894 F.2d 1000, 1004–05 (8th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990). It is not clear to us whether the district judge exercised discretion and declined to depart downward or whether the judge believed he lacked authority to depart downward. Because we conclude the guidelines provide the district judge with authority to depart downward based on extraordinary restitution, we remand this case for reconsideration of Garlich's sentence. *See United States v. Brown*, 903 F.2d 540, 545 (8th Cir.1990).

A district court has discretion to depart downward from a sentencing guidelines range if the court finds a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b) (1988); *see also* U.S.S.G. § 5K2.0. A district court can also depart from the guidelines based on a factor the Commission considered if the court finds that "in light of unusual circumstances, the guideline level attached to that factor is inadequate." U.S.S.G. § 5K2.0. In other words, "When a court finds an atypical case, one to which a particular guideline linguistically applies but [in which the defendant's mitigating] conduct significantly differs from the norm, the court may consider whether a departure is warranted." *Id.* ch. 1, pt. A(4)(b). A government motion is not a prerequisite to a departure based on unusual circumstances. *Compare* U.S.S.G. § 5K2.0 *with* U.S.S.G. § 5K1.1 (requiring government motion before departure for substantial assistance to authorities); *see also United States v. Harotunian*, 920 F.2d 1040, 1042–43 (1st Cir.1990).

A defendant's voluntary payment of restitution before adjudication of guilt is a factor considered in determining whether the defendant qualifies for a two-level reduction for acceptance of responsibility. U.S.S.G. § 3E1.1 n. 1(b). Although the district court gave Garlich this reduction, we conclude the district court should consider whether the extent and timing of Garlich's restitution are sufficiently unusual to warrant a downward departure. *See* U.S.S.G. § 5K2.0; *United States v. Brewer*, 899 F.2d 503, 509 (6th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 127, 112 L.Ed.2d 95 (1990); *United States v. Carey*, 895 F.2d 318, 322–23 (7th Cir.1990). If the district court determines the two-level reduction for acceptance of responsibility inadequately addresses Garlich's restitution, the district court may impose a reasonable sentence outside the guidelines range. *See United States v. Smith*, 909 F.2d 1164, 1169 (8th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 691, 112 L.Ed.2d 682 (1991) (recognizing test of reasonableness for evaluating departures).

 The district court correctly determined it lacked authority to depart downward for the other mitigating factors Garlich asserts. First, the entry of a guilty plea before trial is a factor considered in

determining whether a defendant deserves an acceptance-of-responsibility reduction. *See* U.S.S.G. § 3E1.1 n. 3; *United States v. Knight,* 905 F.2d 189, 191 (8th Cir.1990). Garlich mistakenly relies on *United States v. Garcia,* 926 F.2d 125, 127–28 (2d Cir. 1991) (defendant's early guilty plea and willingness to testify against codefendants broke "log jam" and induced guilty pleas from codefendants). Next, a defendant's employment record, community ties, and family responsibilities are usually irrelevant in deciding whether to depart from the guidelines. U.S.S.G. § 5H1.5 (employment record); U.S.S.G. § 5H1.6 (community ties and family responsibilities); *United States v. Neil,* 903 F.2d 564, 565 (8th Cir. 1990). Garlich has not shown his circumstances differ significantly from the normal case. *See Neil,* 903 F.2d at 565. There is no evidence Garlich struggled in a difficult environment like the defendant in *United States v. Big Crow,* 898 F.2d 1326, 1330–32 (8th Cir.1990). Finally, the criminal history categories account for a defendant's lack of a criminal record. *See* U.S.S.G. § 4A1.1; *Neil,* 903 F.2d at 566. Although the Sentencing Commission did not consider single acts of aberrant behavior when formulating the guidelines, U.S.S.G. ch. 1, pt. A(4)(d), Garlich's actions in planning and executing the financing scheme over a one-year period were not "spontaneous and seemingly thoughtless." *United States v. Glick,* 946 F.2d 335, 338 (4th Cir.1991) (defining single act of aberrant behavior); *Carey,* 895 F.2d at 324–25 (same). Thus, Garlich's actions do not constitute a single act of aberrant behavior.

In sum, we conclude the district court had discretion to consider whether Garlich's restitution was an unusual circumstance warranting departure from Garlich's guidelines sentence. Thus, we remand this case for the district court to determine whether departure is warranted in this case.