977 F.2d 586
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Franklin David KIRK, Appellant.
 No. 92-2340MN.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 12, 1992.
Filed: October 15, 1992.
 
 Before FAGG, Circuit Judge, LAY, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Franklin David Kirk appeals his bank robbery sentence contending the district improperly court refused to depart downward from the applicable Sentencing Guidelines range. We affirm.
 
 
 2
 Kirk was sentenced for bank robbery as a career offender under U.S.S.G. § 4B1.1 (Nov. 1991). Kirk requested a downward departure under U.S.S.G. § 4A1.3 (Nov. 1991) asserting his criminal history category significantly over-represented the seriousness of his criminal history. Specifically, Kirk asserted his 1976 conviction for knowingly and willingly threatening the President was based on his idle, intoxicated chatter rather than violent behavior. Noting juries convicted Kirk at trial and retrial for threatening the President, the district court concluded Kirk's threats "were of a very serious nature" and the circumstances surrounding that crime did not justify a downward departure in this case.
 
 
 3
 Kirk contends he was denied due process because the district court's refusal to depart downward was in retaliation for Kirk's Fifth Circuit appeal of his conviction for threatening the President. We review this due issue de novo. United States v. Brown, 921 F.2d 785, 789 (8th Cir. 1990). After examining the record, we find no evidence the district court was vindictive or intended to penalize Kirk for having exercised his right to appeal. The district court mentioned the two convictions only to emphasize Kirk's threats were more than "idle, intoxicated chatter." Thus, we conclude the district court did not violate due process.
 
 
 4
 Kirk also contends the district court abused its discretion in refusing to depart downward, but this issue is not reviewable. United States v. Garlich, 951 F.2d 161, 163 (8th Cir. 1991).
 
 
 5
 Accordingly, we affirm.