19 F.3d 1437
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Kristopher K. DYKSTRA, Appellant.
 No. 93-2663.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 27, 1994.
Filed: April 1, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this appeal, Dykstra challenges the 87-month sentence imposed on him by the district court. He argues that the court erred in failing to recognize and exercise its discretion to depart downward from the applicable guideline range based on his claimed vulnerability to attack in prison. We vacate Dykstra's sentence and remand for resentencing.
 
 
 2
 Dykstra pleaded guilty to bank robbery, in violation of 18 U.S.C. Sec. 2113(a). The district court calculated a guideline range of 78 to 97 months. Dykstra moved for a downward departure from that range, arguing that the Guidelines did not take into account his vulnerability to physical and sexual attack in prison based on his slight build, his age (twenty-one years), and the psychological trauma he suffered from being raped by a fellow inmate while he was undergoing psychiatric evaluation at the Federal Medical Center in Springfield, Missouri. Without indicating whether it believed it had authority to depart and without ruling explicitly on the departure motion, the district court sentenced Dykstra within the guideline range to 87 months imprisonment and two years supervised release.
 
 
 3
 We remanded for resentencing because the district court had failed to consider the November 1, 1992 amendment to U.S.S.G. Sec. 3E1.1, which increased from two to three points the potential decrease in offense level for acceptance of responsibility. At resentencing, the district court awarded Dykstra the additional one-level reduction and recalculated his sentencing range at 70 to 87 months. The court denied Dykstra's renewed motion for a downward departure, stating that its ruling would be the same as before. It sentenced Dykstra to 87 months imprisonment and two years supervised release.
 
 
 4
 Although we may not review a district court's refusal to grant a downward departure, we may review a claim that a district court believed it lacked authority to depart. United States v. Garlich, 951 F.2d 161, 163 (8th Cir. 1991). Dykstra claims that his vulnerability to attack in prison stems from (1) his slight build; (2) his age and youthful appearance; (3) his rape by an older and bigger inmate; and (4) his claim of suffering from post-traumatic stress disorder. We have held that "an extraordinary physical impairment that results in extreme vulnerability is a legitimate basis for departure," United States v. Long, 977 F.2d 1264, 1277 (8th Cir. 1992), and we have acknowledged, in dicta, that "potential for victimization can provide a proper predicate for a departure," United States v. Tucker, 986 F.2d 278, 280 (8th Cir.), cert. denied, 114 S. Ct. 76 (1993). In both Tucker, 986 F.2d at 280, and Long, 977 F.2d at 1277, we relied on and cited with approval United States v. Lara, 905 F.2d 599, 603 (2d Cir. 1990) (approving downward departure where defendant had immature and fragile appearance and was bisexual).
 
 
 5
 The Guidelines state that age and mental and physical condition are "not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. Secs. 5H1.1, 5H1.3-4, p.s. (Nov. 1993). These statements leave the district court discretion to depart in "extraordinary" instances. Therefore, the district court should examine whether Dykstra's particular circumstances-his slight build and youth in combination with his psychological illness and his rape by an older prisoner-are, in fact, "sufficiently unusual to warrant a downward departure." Garlich, 951 F.2d at 163 (remanding for consideration of extent and timing of defendant's restitution where district court had authority to depart downward based on extraordinary restitution).
 
 
 6
 Accordingly, we vacate Dykstra's sentence and remand this case for resentencing.[1]
 
 
 
 [1]
 We reject Dykstra's other argument, however, that the district court denied him the benefit of the additional one-level reduction in his offense level because it reimposed the same 87-month sentence without explanation. The district court explicitly stated that its basis for the sentence was the seriousness of the offense, the extent of the loss, and Dykstra's prior record. Dykstra effectively complains he was sentenced at the top of the lower sentencing range that resulted from the additional one-level decrease in offense level. See United States v. Woodrum, 959 F.2d 100, 101 (8th Cir. 1992) (per curiam) (sentence not reviewable merely because it was at top of properly calculated guideline range); cf. United States v. Keene, 915 F.2d 1164, 1171 (8th Cir. 1990) (district court, which stated that sentence within guideline range was sufficient to satisfy purposes of sentencing for that defendant, did not abuse its discretion in sentencing defendant), cert. denied, 498 U.S. 1102 (1991)