24 F.3d 242
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellant,
v.
Patrick D. LILJEBECK, Appellee.
 No. 93-3723 EALR.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 12, 1994.
Filed: May 10, 1994.
 
 1
 Before McMILLIAN, WOLLMAN, Circuit Judges, and NANGLE, Senior District Judge.*
 
 
 2
 NANGLE, Senior District Judge.
 
 
 3
 The United States of America appeals the sentence imposed upon Patrick D. Liljebeck for escape from custody in violation of 18 U.S.C. Sec. 751(a). Although the applicable guidelines provided for 18 to 24 months imprisonment, the district court imposed a sentence of 36 months probation with 12 months home detention based upon downward departures for Liljebeck's family's financial condition and Liljebeck's mental and emotional condition. We reverse.
 
 
 4
 We review the district court's downward departure under the tripartite scheme adopted in United States v. Lang, 898 F.2d 1378 (8th Cir. 1990). First, as a question of law, we determine whether the circumstances relied upon by the district court are sufficiently unusual in kind or degree to warrant departure. Lang, 898 F.2d at 1379. Second, as a question of fact, we review whether the circumstances relied upon by the district court to depart actually exist. Id. at 1380. Finally, if we are satisfied that the first two factors exist, we measure the sentence by a standard of reasonableness. Id. Departures " 'were intended to be quite rare.' " United States v. Neil, 903 F.2d 564, 565 (8th Cir. 1990) (citation omitted).
 
 
 5
 In the instant matter, the circumstances relied upon by the district court were not sufficiently unusual in kind or degree to warrant departure. Family ties are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. U.S.S.G. Sec. 5Hl.6, p.s. (Nov. 1, 1992). While unfortunate, Liljebeck's family's financial condition does not provide a basis for departure. See, e.q,, United States v. Goff, No. 93-2039, 1994 WL 111475 (8th Cir. April 6, 1994) (finding downward departure not warranted where defendant supporting family and wife receiving disability benefits); United States v. Vidrickson, 998 F.2d 601 (8th Cir. 1993)(per curiam)(finding departure not warranted on ground that defendant provided primary support for his family); United States v. Shortt, 919 F.2d 1325 (8th Cir. 1990)(reversing district court's departure despite fact that defendant assisted disabled father in farm work and was helping wife overcome drug and alcohol abuse); United States v. Sutherland, 890 F.2d 1042 (8th Cir. 1989)(per curiam) (upholding district court's refusal to depart downward due to defendant's unusual family responsibilities). Additionally, "[m]ental and emotional conditions are ordinarily not relevant in determining whether a sentence should be outside the applicable guideline range ..." U.S.S.G. Sec. 5Hl.3, p.s. (Nov. 1, 1992). Although Liljebeck undoubtedly suffered through an unfortunate period, his mental condition was not sufficiently unusual and thus was not relevant in the district court's determination to depart downward.
 
 
 6
 Accordingly, we reverse the district court's judgment and remand the case for resentencing within the range established by the applicable sentencing guidelines.
 
 
 
 *
 The HONORABLE JOHN F. NANGLE, Senior United States District Judge for the Eastern District of Missouri, sitting by designation