No. 95-2803WMS

```
                              *
DEBORAH R. MORRIS             *
          Appellant,          *
                              *
     v.                       *  Appeal from the United States
                              *     District Court for the
                              *  Western District of Missouri
UNITED STATES OF AMERICA      *
          Appellee.           *          [PUBLISHED]
```

Submitted:  December 12, 1995

Filed:  January 11, 1996

Before MAGILL, GOODWIN[1], and MURPHY, Circuit Judges.

PER CURIAM

The only issue in this appeal from a guideline sentence is whether the government's agreement in a plea bargain "to take no position " on a motion for a downward departure based on aberrant behavior precluded cross examination of a defense psychologist who testified at the sentencing hearing. There was no error in allowing cross examination to clarify the agreed facts.

Deborah R. Morris, while living with her husband on a military

---

[1]  The HONORABLE ALFRED T. GOODWIN, United States Circuit Judge for the Ninth Circuit, sitting by designation.

-1-

reservation became aware of marital infidelity on his part and set fire to his bed while he was asleep. The prosecution was commenced by an indictment charging assault with intent to commit murder. The plea bargain resulted in the dismissal of the indictment and the substitution of an information charging one count of assault with intent to do bodily injury, contrary to 18 U.S.C. § 113 (c) (Class D felony).

After admitting the elements of the offense in a statement of stipulated facts, which also admitted that "the offense required more than minimal planning," she entered into the written plea agreement which bound the government to recommend a sentence at the lowest end of the guideline range and, as noted, to take no position on Morris' announced intent to move for a downward departure from the guideline sentence on the ground of a single act of aberrant behavior.

At the sentencing hearing, the defense called a clinical psychologist whose written report had been attached to the presentence investigation report and is a part of the record on appeal. During the hearing, the psychologist testified on direct examination in a manner consistent with the written report, which contained a generalized statement that the marital relationship described by Ms. Morris with her husband is "very consistent with the classical pattern of domestic violence. That is, the behaviors and events she described suggest that she is a battered spouse."

When the testimony began to develop additional expert testimony about spousal abuse, the government cross examined the witness to try to narrow the source of domestic turbulence to the incident of marital infidelity by asking: "Isn't really the crux of Ms. Morris' anger, though, not spousal abuse but infidelity?"

-2-

After further questions along the quoted line, the prosecutor asked:


"So, you're telling the court that this marital infidelity had nothing to do with why she tried to kill her husband?"


After a bit more of this sort of exchange, the defense objected that the government was violating the plea agreement by "taking a position."

This Circuit has not had occasion in a published opinion to discuss the boundaries of "taking a position" on departures from guideline sentences. The control of cross examination during a sentencing hearing, and the discretionary rulings necessary in that control must be guided by specific facts and argument in each case. The problem does not lend itself to global, black letter lists of permitted and not permitted questions. Accordingly, we decide only that in this case, where the witness began to shift the focus of the grounds for a downward departure from the agreed fact that marital infidelity had precipitated the offense, to a larger collection of grievances based upon spousal abuse, the prosecutor had the right to employ reasonable cross examination to bring the inquiry back to the agreed facts. The court has the authority to permit reasonable cross examination to present the true facts if distortion of the facts otherwise would occur. An agreement "not to take a position" does not deny the prosecutor the right to ask questions to keep the inquiry from becoming a wide ranging application for leniency based upon spousal abuse when the motion purported to be based upon the agreed statement of facts. The matter of spousal abuse and its accompaniment of "post traumatic stress disorder" had appeared for the first time in the psychologist's report, and did not appear in the stipulated facts.

We have defined "a single act of aberrant behavior as an act that is `spontaneous and seemingly thoughtless'."  See <u>United States v. Garlich</u>, 951 F.2d 161,164 (8th Cir. 1991).  The motion in this case was based upon the defense theory that the revelation of an act of marital infidelity had so incensed an offended wife that she acted out spontaneously in a single act of aberrant behavior. When that basis for the motion began to expand into other conduct on the part of the alleged victim, the government had a right to employ cross examination to make certain that the defense was keeping its motion within the agreed facts and not enlarging the facts to include a generalized syndrome of stress brought on by domestic violence and spousal abuse.  We have examined the entire record with some care because of the novelty of the question and we find no basis for saying that the district court abused its discretion in allowing reasonable cross examination.

AFFIRMED

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT