[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1291

 UNITED STATES,

 Appellee,

 v.

 STEPHEN FRANKLIN BURRELL,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Michael A. Ponsor, U.S. District Judge]

 Before

 Selya, Stahl and Lynch,
 Circuit Judges.

 Stephen Franklin Burrell on brief pro se.
 Donald K. Stern, United States Attorney, and Ariane D. Vuono,
Assistant U.S. Attorney, on brief for appellee.

July 29, 1999

 Per Curiam. In this appeal, appellant Stephen
Franklin Burrell, acting pro se after having been informed of
and electing to waive his right to appellate counsel, claims
that the court erroneously sentenced him after he pled guilty
to wire and mail fraud and the use of fictitious names and
addresses in violation of 18 U.S.C. 1341-43. Finding no
merit in his claims, we affirm for the following reasons.
 1. We need not consider the claim that the
sentencing court should have applied U.S.S.G. 5G1.3(c) at
sentencing. Appellant asserted the same claim in his pro se
objections to the presentence report. At sentencing, he
essentially agreed to abandon his pro se claims and to pursue
defense counsel's objections instead. Hence, he has waived his
claim. See United States v. Newman, 148 F.3d 871, 878-79 (7th
Cir. 1998) (declining to review, as waived, a claim which the
sentencing court had not considered at sentencing because
defendant had confirmed that there were no remaining contested
issues) (citing United States v. Olano, 507 U.S. 725, 733
(1993)); United States v. Gilcrist, 106 F.3d 297, 302 (9th Cir.
1997) (declining to consider an argument made in the
defendant's pro se sentencing memorandum where the defendant
had agreed to proceeding in a different fashion at sentencing).
 2. The case law does not support the appellant's
challenges to the court's determination of offense level, which
reflected an intended loss amount of $725,826. First, U.S.S.G.
 2X1.1(b)(1) did not apply, as the district court correctly
concluded. See United States v. Carrington, 96 F.3d 1, 6 (1st
Cir. 1996) (rejecting that provision's application to a
defendant who pled guilty to wire fraud), cert. denied, 520
U.S. 1150 (1997); accord United States v. Blitz, 151 F.3d 1002,
1011 (9th Cir.) (wire and mail fraud), cert. denied, 119 S. Ct.
567 (1998).
 Second, the court did not clearly err, let alone
plainly err, in setting the intended loss amount at $725,826. 
Appellant mailed counterfeit checks totaling $725,826 to his
intended victims, and he has not disputed that he intended to
inflict the maximum possible loss on his victims. In addition,
two of his victims sent him gold coins without waiting for the
checks to clear, showing that his scheme had some prospect of
success. See United States v. Rizzo, 121 F.3d 794, 802-03 (1st
Cir. 1997) (affirming a loss figure based on the total amount
of counterfeit checks which the defendant had attempted to
negotiate where the defendant had admitted intending to inflict
a loss in that amount and he had successfully cashed one of the
five checks); United States v. Egemonye, 62 F.3d 425, 429 (1st
Cir. 1995) ("Where there is good evidence of actual intent and
some prospect of success, we do not think that a court needs to
engage in more refined forecasts of just how successful the
scheme was likely to be.") (citation omitted). 
 Finally, the Sentencing Commission had authority to
promulgate the relevant conduct guideline, U.S.S.G. 1B1.3,
see United States v. Wong, 2 F.3d 927, 929-30 (9th Cir. 1993)
(majority opinion), and the court did not plainly err under the
Constitution in basing the loss amount on appellant's
unindicted and unconvicted relevant conduct. Appellant
admitted his relevant conduct in a letter he wrote to the court
after his arrest, and his sentence was within the applicable
statutory maximums. See, e.g., United States v. Hillsman, 141
F.3d 777, 780-81 (7th Cir. 1998) (concluding that the
consideration of relevant conduct did not violate the Fifth and
Sixth Amendments where the conduct was proven by a
preponderance of the reliable evidence); United States v.
Sanders, 982 F.2d 4, 10 (1st Cir. 1992) (per curiam)
(rejecting, where the sentence imposed was within the statutory
maximum, a claim that the use of uncharged relevant conduct in
departing upward violated the right to a jury trial or to
"other procedural protections which would apply had defendant
been indicted and tried").
 3. The court did not clearly err in enhancing
appellant's offense level for obstruction of justice. First,
the falsehoods which appellant told the probation officer about
his military service and the related fabricated documents he
provided to probation were unquestionably material. See
United States v. Agoro, 996 F.2d 1288, 1292 (1st Cir. 1993)
(indicating that the materiality requirement encompasses false
statements designed to affect the court's exercise of its
discretion in choosing the appropriate sentence within the
guideline range); United States v. Thomas, 11 F.3d 1392, 1401
(7th Cir. 1993) (holding that facts relating to discharge from
military service are material at sentencing); United States v.
Neil, 903 F.2d 564, 566 (8th Cir. 1990) (noting that a
sentencing court may weigh the defendant's military record in
deciding the sentence to be imposed within the applicable
guideline range) (citation omitted). 
 Second, we conclude that the court supportably found
that appellant's falsehoods were willfully made, although,
given the appellant's failure to directly raise the issue at
sentencing, the court did not make formal findings on that
point. See United States v. Tracy, 36 F.3d 199, 203 (1st Cir.
1994) (indicating that appellate review is possible where the
appeals court can ascertain the district court's "ultimate
finding" and can find reasonable supporting evidence for it in
the record). There was evidence tending to suggest that
appellant knew that an exemplary military record might
influence the court's sentencing decision. He had extensive
experience with the criminal justice system, and he had
submitted a "defendant's presentence report" to the probation
officer, using that report to convey his falsehoods and
fabricated documents. Moreover, in ruling on other sentencing
issues, the district court had rejected defense arguments
contending that the appellant's lies were attributable to his
personality disorder and his desire to shield his wife from the
truth, and its action finds support in the record. A
psychological evaluation suggested that appellant's actions
were attributable to his personality disorder rather than to
his concern for his wife, but did not conclude that his
personality disorder rendered him unable to tell the truth. At
sentencing, appellant maintained that he had lived lawfully for
nearly three years while on parole, which, he said, showed that
he was not "some criminal that can't resist perpetrating a
crime." Under the circumstances, we cannot say that the court
clearly erred in concluding that the appellant had willfully
obstructed justice. See United States v. Greer, 158 F.3d 228,
239 (5th Cir. 1998) (affirming an obstruction enhancement where
an expert had testified that the defendant could control his
behavior despite his antisocial and borderline personality
disorders).
 4. The court did not clearly err in denying a
reduction in offense level for acceptance of responsibility. 
Appellant, who relies on events showing his acceptance of
responsibility prior to the obstructive conduct evidencing a
lack of genuine remorse, failed to show that his was an
exceptional case warranting the reduction. See United States
v. Thomas, 97 F.3d 1499, 1501 (D.C. Cir. 1996) (noting that
admitting to the acts comprising a crime is not the same as
accepting responsibility for the crime under the guidelines);
see also United States v. Hopper, 27 F.3d 378, 383 (9th Cir.
1994) ("Cases in which obstruction is not inconsistent with an
acceptance of responsibility arise when a defendant, although
initially attempting to conceal the crime, eventually accepts
responsibility for the crime and abandons all attempts to
obstruct justice.").
 5. There is no record support for the claim that the
appellant rendered substantial assistance to the government. 
In addition, given the absence of critical fact allegations,
this court has no basis for reviewing the prosecution's failure
to file a substantial assistance motion under U.S.S.G. 5K1.1. 
See Wade v. United States, 504 U.S. 181, 185-86 (1993) (holding
that the government's failure to file a substantial assistance
motion might be subject to review if it were based on
unconstitutional motives or were not rationally related to any
legitimate government end).
 6. The district court had no obligation to rule on
appellant's various pro se objections. At sentencing, the
appellant waived them by acquiescing when the court stated that
it did not intend to address any of his pro se objections. 
Moreover, given appellant's failure to waive his right to
counsel or to assert his right to self-representation, the
court permissibly declined to address his pro se objections. 
See United States v. Campbell, 61 F.3d 976, 981 (1st Cir. 1995)
(stating that there is no constitutional right to hybrid
representation and ruling that the court had appropriately
exercised its discretion to deny such representation when it
declined to let the defendant cross-examine an expert witness),
cert. denied, 517 U.S. 1161 (1996).
 Affirmed.