USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1291

 UNITED STATES,

 Appellee,

 v.

 STEPHEN FRANKLIN BURRELL,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Michael A. Ponsor, U.S. District Judge]

 Before

 Selya, Stahl and Lynch,
 Circuit Judges.
 
 
 
 
 Stephen Franklin Burrell on brief pro se.
 Donald K. Stern, United States Attorney, and Ariane D. Vuono,
Assistant U.S. Attorney, on brief for appellee.

July 29, 1999

 
 

 Per Curiam. In this appeal, appellant Stephen
 Franklin Burrell, acting pro se after having been informed of
 and electing to waive his right to appellate counsel, claims
 that the court erroneously sentenced him after he pled guilty
 to wire and mail fraud and the use of fictitious names and
 addresses in violation of 18 U.S.C. 1341-43. Finding no
 merit in his claims, we affirm for the following reasons.
 1. We need not consider the claim that the
 sentencing court should have applied U.S.S.G. 5G1.3(c) at
 sentencing. Appellant asserted the same claim in his pro se
 objections to the presentence report. At sentencing, he
 essentially agreed to abandon his pro se claims and to pursue
 defense counsel's objections instead. Hence, he has waived his
 claim. See United States v. Newman, 148 F.3d 871, 878-79 (7th
 Cir. 1998) (declining to review, as waived, a claim which the
 sentencing court had not considered at sentencing because
 defendant had confirmed that there were no remaining contested
 issues) (citing United States v. Olano, 507 U.S. 725, 733
 (1993)); United States v. Gilcrist, 106 F.3d 297, 302 (9th Cir.
 1997) (declining to consider an argument made in the
 defendant's pro se sentencing memorandum where the defendant
 had agreed to proceeding in a different fashion at sentencing).
 2. The case law does not support the appellant's
 challenges to the court's determination of offense level, which
 reflected an intended loss amount of $725,826. First, U.S.S.G.
 2X1.1(b)(1) did not apply, as the district court correctly
 concluded. See United States v. Carrington, 96 F.3d 1, 6 (1st
 Cir. 1996) (rejecting that provision's application to a
 defendant who pled guilty to wire fraud), cert. denied, 520
 U.S. 1150 (1997); accord United States v. Blitz, 151 F.3d 1002,
 1011 (9th Cir.) (wire and mail fraud), cert. denied, 119 S. Ct.
 567 (1998).
 Second, the court did not clearly err, let alone
 plainly err, in setting the intended loss amount at $725,826. 
 Appellant mailed counterfeit checks totaling $725,826 to his
 intended victims, and he has not disputed that he intended to
 inflict the maximum possible loss on his victims. In addition,
 two of his victims sent him gold coins without waiting for the
 checks to clear, showing that his scheme had some prospect of
 success. See United States v. Rizzo, 121 F.3d 794, 802-03 (1st
 Cir. 1997) (affirming a loss figure based on the total amount
 of counterfeit checks which the defendant had attempted to
 negotiate where the defendant had admitted intending to inflict
 a loss in that amount and he had successfully cashed one of the
 five checks); United States v. Egemonye, 62 F.3d 425, 429 (1st
 Cir. 1995) ("Where there is good evidence of actual intent and
 some prospect of success, we do not think that a court needs to
 engage in more refined forecasts of just how successful the
 scheme was likely to be.") (citation omitted). 
 Finally, the Sentencing Commission had authority to
 promulgate the relevant conduct guideline, U.S.S.G. 1B1.3,
 see United States v. Wong, 2 F.3d 927, 929-30 (9th Cir. 1993)
 (majority opinion), and the court did not plainly err under the
 Constitution in basing the loss amount on appellant's
 unindicted and unconvicted relevant conduct. Appellant
 admitted his relevant conduct in a letter he wrote to the court
 after his arrest, and his sentence was within the applicable
 statutory maximums. See, e.g., United States v. Hillsman, 141
 F.3d 777, 780-81 (7th Cir. 1998) (concluding that the
 consideration of relevant conduct did not violate the Fifth and
 Sixth Amendments where the conduct was proven by a
 preponderance of the reliable evidence); United States v.
 Sanders, 982 F.2d 4, 10 (1st Cir. 1992) (per curiam)
 (rejecting, where the sentence imposed was within the statutory
 maximum, a claim that the use of uncharged relevant conduct in
 departing upward violated the right to a jury trial or to
 "other procedural protections which would apply had defendant
 been indicted and tried").
 3. The court did not clearly err in enhancing
 appellant's offense level for obstruction of justice. First,
 the falsehoods which appellant told the probation officer about
 his military service and the related fabricated documents he
 provided to probation were unquestionably material. See
 United States v. Agoro, 996 F.2d 1288, 1292 (1st Cir. 1993)
 (indicating that the materiality requirement encompasses false
 statements designed to affect the court's exercise of its
 discretion in choosing the appropriate sentence within the
 guideline range); United States v. Thomas, 11 F.3d 1392, 1401
 (7th Cir. 1993) (holding that facts relating to discharge from
 military service are material at sentencing); United States v.
 Neil, 903 F.2d 564, 566 (8th Cir. 1990) (noting that a
 sentencing court may weigh the defendant's military record in
 deciding the sentence to be imposed within the applicable
 guideline range) (citation omitted). 
 Second, we conclude that the court supportably found
 that appellant's falsehoods were willfully made, although,
 given the appellant's failure to directly raise the issue at
 sentencing, the court did not make formal findings on that
 point. See United States v. Tracy, 36 F.3d 199, 203 (1st Cir.
 1994) (indicating that appellate review is possible where the
 appeals court can ascertain the district court's "ultimate
 finding" and can find reasonable supporting evidence for it in
 the record). There was evidence tending to suggest that
 appellant knew that an exemplary military record might
 influence the court's sentencing decision. He had extensive
 experience with the criminal justice system, and he had
 submitted a "defendant's presentence report" to the probation
 officer, using that report to convey his falsehoods and
 fabricated documents. Moreover, in ruling on other sentencing
 issues, the district court had rejected defense arguments
 contending that the appellant's lies were attributable to his
 personality disorder and his desire to shield his wife from the
 truth, and its action finds support in the record. A
 psychological evaluation suggested that appellant's actions
 were attributable to his personality disorder rather than to
 his concern for his wife, but did not conclude that his
 personality disorder rendered him unable to tell the truth. At
 sentencing, appellant maintained that he had lived lawfully for
 nearly three years while on parole, which, he said, showed that
 he was not "some criminal that can't resist perpetrating a
 crime." Under the circumstances, we cannot say that the court
 clearly erred in concluding that the appellant had willfully
 obstructed justice. See United States v. Greer, 158 F.3d 228,
 239 (5th Cir. 1998) (affirming an obstruction enhancement where
 an expert had testified that the defendant could control his
 behavior despite his antisocial and borderline personality
 disorders).
 4. The court did not clearly err in denying a
 reduction in offense level for acceptance of responsibility. 
 Appellant, who relies on events showing his acceptance of
 responsibility prior to the obstructive conduct evidencing a
 lack of genuine remorse, failed to show that his was an
 exceptional case warranting the reduction. See United States
 v. Thomas, 97 F.3d 1499, 1501 (D.C. Cir. 1996) (noting that
 admitting to the acts comprising a crime is not the same as
 accepting responsibility for the crime under the guidelines);
 see also United States v. Hopper, 27 F.3d 378, 383 (9th Cir.
 1994) ("Cases in which obstruction is not inconsistent with an
 acceptance of responsibility arise when a defendant, although
 initially attempting to conceal the crime, eventually accepts
 responsibility for the crime and abandons all attempts to
 obstruct justice.").
 5. There is no record support for the claim that the
 appellant rendered substantial assistance to the government. 
 In addition, given the absence of critical fact allegations,
 this court has no basis for reviewing the prosecution's failure
 to file a substantial assistance motion under U.S.S.G. 5K1.1. 
 See Wade v. United States, 504 U.S. 181, 185-86 (1993) (holding
 that the government's failure to file a substantial assistance
 motion might be subject to review if it were based on
 unconstitutional motives or were not rationally related to any
 legitimate government end).
 6. The district court had no obligation to rule on
 appellant's various pro se objections. At sentencing, the
 appellant waived them by acquiescing when the court stated that
 it did not intend to address any of his pro se objections. 
 Moreover, given appellant's failure to waive his right to
 counsel or to assert his right to self-representation, the
 court permissibly declined to address his pro se objections. 
 See United States v. Campbell, 61 F.3d 976, 981 (1st Cir. 1995)
 (stating that there is no constitutional right to hybrid
 representation and ruling that the court had appropriately
 exercised its discretion to deny such representation when it
 declined to let the defendant cross-examine an expert witness),
 cert. denied, 517 U.S. 1161 (1996).
 Affirmed.