**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Charles Michael JARED,**
**Defendant–Appellee.**

**No. 01–6076.**

United States Court of Appeals,
Sixth Circuit.

Nov. 1, 2002.

Before KENNEDY, NORRIS, and BATCHELDER, Circuit Judges.

BATCHELDER, Circuit Judge.

The United States appeals the district court's order sentencing defendant Charles Jared to a term of imprisonment below the applicable guideline range after his plea of guilty to three counts of bank robbery in violation of 18 U.S.C. § 2113(a). The government contends that the district court abused its discretion by departing downward two levels because of the "totality of the circumstances," namely, Jared's mili-

tary service, his lack of a criminal history and numerous letters submitted to the court on Jared's behalf. We hold that the district court abused its discretion in departing downward, and we will therefore vacate the sentence and remand for resentencing.

Using a toy gun, threats of violence, and in one case a fake bomb, Jared robbed three separate banks of a total of over $18,000 in cash in order to feed his crack cocaine habit. On January 29, 2001, he pleaded guilty to all three robberies, and made no objection to the presentence report that calculated an offense level of 25, a criminal history category of I (Jared had no prior criminal record), and a recommended sentence of 57 to 71 months' imprisonment. Jared moved for a downward departure based on his lack of any prior criminal history, his voluntary confession to the robberies, his service in the military from 1974–1976, his family circumstances, and the totality of his circumstances. The government opposed the motion.

The district court granted the motion. The court held that although Jared's voluntary confession and his family circumstances were not appropriate grounds for a downward departure, his lack of criminal history, his military service and the totality of circumstances supported a two level departure downward. Accordingly, on July 23, 2001, the district court sentenced Jared to 46 months in prison, the bottom of the range for an offense level 23 and criminal history category I. The government timely appealed.

We review for abuse of discretion the sentencing court's decision to depart from the applicable Sentencing Guidelines range. *Koon v. United States*, 518 U.S. 81, 91, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). As *Koon* made clear, the district court's discretion must be exercised within the framework provided by the Sentencing Commission, which posits four questions to be asked by a sentencing court contemplating a departure:

1) What features of this case, potentially, take it outside the Guidelines' "heartland" and make of it a special, or unusual, case?

2) Has the Commission forbidden departures based on those features?

3) If not, has the Commission encouraged departures based on those features?

4) If not, has the Commission discouraged departures based on those features?

*Id.* at 95. The "heartland," of course, is that "set of typical cases embodying the conduct that each guideline describes." *Id.* at 93. Although there may be circumstances in which a factor that would not ordinarily be relevant to a departure from the applicable guideline range might nonetheless be relevant in a particular case, the Sentencing Commission has made it clear that

[i]n the absence of a characteristic or circumstance that distinguishes a case as sufficiently atypical to warrant a sentence different from that called for under the guidelines, a sentence outside the guideline range is not authorized. *See* 18 U.S.C. § 3553(b). For example, dissatisfaction with the available sentencing range or a preference for a different sentence than that authorized by the guidelines is not an appropriate basis for a sentence outside the applicable guideline range.

USSG § 5K2.0, p.s. comment.

The district court in the case before us here based the downward departure in part on the discouraged feature of military service. USSG § 5H1.11 ("Military, civic, charitable, or public service; employment-related contributions; and similar prior

good works are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range."). While discouraged features are not forbidden bases for departures, they are to be relied on only in those exceptional cases that are "outside the heartland of the applicable Guideline." *Koon,* 518 U.S. at 109.

Here, the district court made no findings of fact to explain how Jared's case is in any way exceptional. Rather, the court cited to *United States v. Pipich,* 688 F.Supp. 191 (D.Md.1988), in which the sentencing court, noting that the Sentencing Guidelines were silent on the subject, granted a downward departure based on the long history of respect that this nation has shown for the military and those with exemplary military records. *Id.* at 193. But *Pipich* was decided three years prior to the Sentencing Commission's amendment of the guidelines to include military service as a discouraged feature. Jared has pointed us to no case authority supporting a downward departure for military service, even exemplary military service, a quarter of a century prior to the commission of the offense of conviction, and we have found none. We note, however, that a number of courts have held that military service is not a proper basis for a downward departure. *See, e.g., United States v. Given,* 164 F.3d 389, 395 (7th Cir.1999) (holding that military service, although exemplary, 25 years prior to offense did not justify downward departure); *United States v. Winters,* 105 F.3d 200, 209 (5th Cir.1997) (holding that distinguished service record including two purple hearts did not justify downward departure).

The paucity of published precedent on the subject of downward departures because of a lack of prior criminal history is no doubt due to the Commission's unequivocal instruction on the subject:

The lower limit of the range for Criminal History Category I is set for a first offender with the lowest risk of recidivism. Therefore, a departure below the lower limit of the guideline range for Criminal History Category I on the basis of the adequacy of criminal history cannot be appropriate.

USSG § 4A1.3, p.s. This circuit has, however, held in two opinions—one published and one unpublished—that no reductions other than those from the sentencing table may be made based on the defendant's status as a first time offender. *See United States v. Todd,* 920 F.2d 399, 409 (6th Cir.1990); *United States v. Holmes,* 983 F.2d 1069 (table), 1992 WL 393583, at *7 (6th Cir. Dec. 31, 1992). We conclude that the district court's consideration of Jared's status as a first time offender as a basis for downward departure is not permitted under the guidelines.

Finally, the district court considered "the various letters that have been submitted on behalf of Defendant" as part of the totality of the circumstances justifying a downward departure. These letters call the court's attention to Jared's good employment history working for organizations devoted to helping troubled youth. The Sentencing Commission, however, has included employment history and charitable work in the factors that are not ordinarily relevant in determining whether the court should depart from the applicable guideline range. *See* USSG § 5H1.11.

Whether considered individually or in the aggregate, the factors upon which the district court relied to justify a departure downward do not "distinguish[ this] case as sufficiently atypical to warrant a sentence different from that called for under the guidelines...." USSG § 5K2.0, p.s. comment. We therefore **vacate** the sentence imposed by the district court and

**remand** this matter for resentencing consistent with this opinion.