# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3415

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Pedro Sera, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: June 14, 2001
Filed: September 24, 2001

_____

Before MURPHY, HEANEY, and BEAM, Circuit Judges.

_____

MURPHY, Circuit Judge.

Pedro Sera, a Mexican national, was sentenced to 70 months after pleading guilty to one count of conspiracy to distribute and possess with intent to distribute 448 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. Sera later filed this petition to vacate, set aside, or modify his sentence under 28 U.S.C. § 2255. The district court[1] denied the petition but issued a certificate of appealability on whether Sera's counsel had been ineffective for not moving for a downward

_____

[1]The Honorable Paul A. Magnuson, Chief Judge for the United States District Court for the District of Minnesota.

departure on the basis of his willingness to waive resistance to deportation and his status as a deportable alien. We affirm.

Sera entered into a plea agreement in which he acknowledged he had sold a pound or 453.6 grams of methamphetamine. The government indicated in the agreement that it would seek to hold him responsible for an additional 37 ounces or 1049 grams. The agreement also contemplated a criminal history category of I and a three level reduction for acceptance of responsibility. The presentence report recommended that Sera be held accountable for a total of 1245.8 grams, which would have involved a 10 year mandatory minimum under 21 U.S.C. § 841(b)(1)(A).

Sera objected to the presentence report, arguing that there was only evidence to tie him to 448 grams and a lesser mandatory minimum of five years under 21 U.S.C. § 841(b)(1)(B). The court conducted an evidentiary hearing at which a narcotics agent testified that a cooperating defendant had helped him purchase a pound of methamphetamine from Sera. The agent also testified that the same cooperating individual had told him that he had bought approximately 37 ounces from Sera during the previous four months. On cross examination of the agent, Sera's counsel brought out the fact that no physical evidence linked his client to these 37 ounces.

The court found that 448 grams of methamphetamine should be attributed to Sera and assigned him a base offense level of 30 under U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G.) § 2D1.1(5). It then applied a three level reduction for acceptance of responsibility and reached an adjusted offense level of 27. Together with a criminal history category of I, this led to a sentencing range of 70 - 87 months. See id. at §5A. The court sentenced him to 70 months.

Sera argues he is entitled to resentencing because his counsel was ineffective in not moving for a downward departure based on his willingness to waive resistance to deportation and the effect on his sentence of being a deportable alien. Sera does not

say in what ways his sentence would be more severe because of his status, but it is possible he has in mind such potential factors as not being eligible for a minimum security institution, certain prison programs, or transitional release to community confinement. Sera argues that failure to seek a departure on these grounds was below the standard of a reasonable criminal defense attorney and that he was prejudiced because the motion could have succeeded if made. The government responds that Sera is not entitled to resentencing because his counsel made a strategic decision to concentrate on reducing the quantity of methamphetamine for which his client would be held responsible. It also says that he cannot show prejudice because it was within the court's discretion to grant a departure, the Bureau of Prisons has discretion over conditions of confinement, and his sentence was within the 57 - 71 month range that would have resulted from a successful motion.

To succeed on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if it "fell below an objective standard of reasonableness." Id. at 687-88. In evaluating an attorney's performance, a court must begin with "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" because individual criminal defense attorneys might employ different trial strategies. See id. at 689. Courts should avoid "the distorting effects of hindsight" and try to evaluate counsel's conduct by looking at the circumstances as they must have appeared to counsel at the time. Id. The burden is on the petitioner to show that counsel's representation was not within the range of sound defense strategy. See id. at 690. Most ineffective counsel claims turn on their facts rather than on any bright line rule. See Payne v. United States, 78 F.3d 343, 348 (8th Cir. 1996).

Sera has not shown that effective counsel must have moved for a departure based on his willingness to waive deportation or his status as a deportable alien. In this circuit a sentencing court may grant a downward departure under U.S.S.G. § 5K2.0 for

a defendant's willingness to waive resistance to deportation, see United States v. Cruz-Ochoa, 85 F.3d 325, 325-26 (8th Cir. 1996), but the decision to depart or not is soundly within the district court's discretion. See United States v. Hernandez-Reyes, 114 F.3d 800, 803 (8th Cir. 1997). This court has not yet decided whether the effect on incarceration of being a deportable alien can warrant a downward departure in a drug conspiracy case, but it has recently held that deportable alien status cannot be a basis for downward departure in an illegal reentry case. See United States v. Cardosa-Rodriguez, 241 F.3d 613, 614 n.2 (8th Cir. 2001) (reserving the question whether it could be a departure basis in other types of cases). Many courts dealing with nonimmigration convictions have held that the consequences of deportable alien status are not valid bases for downward departure. See United States v. Bautista, 258 F.3d 602, 606-08 (7th Cir. 2001); United States v. Charry Cubillos, 91 F.3d 1342, 1344-45 (9th Cir. 1996); United States v. Nnanna, 7 F.3d 420, 422 (5th Cir. 1993) (per curiam); United States v. Restrepo, 999 F.2d 640, 644-47 (2d Cir. 1993); United States v. Alvarez-Cardenas, 902 F.2d 734, 737 (9th Cir. 1990). See also United States v. Leandre, 132 F.3d 796, 808 (D.C. Cir. 1998) (no error to deny departure based on deportable alien status); United States v. Veloza, 83 F.3d 380, 382 (11th Cir. 1996) (same). Failure to move for a downward departure on these bases cannot be said to be outside the broad range of reasonable assistance in this case where counsel chose to pursue a successful alternate strategy at sentencing and § 2255 counsel has not even identified what factors related to Sera's status might support such a departure.

Sera's counsel was successful in obtaining a significant reduction in his sentence by concentrating on disputed factual issues related to drug quantity. If Sera had been found responsible for all the drugs which the government attributed to him, the court would have been required to sentence him to at least ten years. By successfully persuading the court that Sera should be held responsible for only 448 grams, counsel reduced the mandatory minimum exposure to five years. By negotiating a three level reduction for acceptance of responsibility and reducing the mandatory minimum, counsel obtained a 50 month reduction in Sera's sentence. Counsel would have had to

request departures related to his status during the same hearing at which he successfully challenged drug quantity. We cannot say that it was not sound strategy to avoid the risk of diverting the court's focus from drug quantity. Counsel achieved a favorable result with his strategy. Moreover, the court would have had discretion whether or not to grant any such departure motion, and its comments at sentencing suggest that it had taken account of all factors to fashion a favorable sentence in light of all the circumstances.[2]

Since Sera has not shown that his counsel's performance was deficient or that it prejudiced him, we affirm the judgment of the district court.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]The court referred to Sera's status as a deportable alien in explaining its sentence after finding him responsible only for a drug quantity insufficient to reach the ten year mandatory minimum level:

> Mr. Sera, there is one other additional factor that the Court does not take into consideration . . . . I am mindful . . . at the time you complete your incarceration, you will be deported to your home country. The reality is, prior to that deportation, you will be incarcerated. And if I had taken all of this into consideration, I would have had to give you another four years of imprisonment.

(Sent. Tr. at 28).

-5-