# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-1430

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska |
| Roberto Duran Jauregui, | * | |
| | * | [PUBLISHED] |
| Appellee. | * | |
| | * | |

_____

Submitted: August 21, 2002

Filed: January 3, 2003

_____

Before WOLLMAN, RILEY, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Roberto Duran Jauregui was born in Mexico in 1950. In 1975, he entered the United States and has remained here since, residing in Illinois and California, as a lawful permanent resident of the United States. On August 29, 2001, a jury

convicted Duran of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841. Duran moved for several departures, including a five-level departure based on his waiver of the right, as a resident alien, to an administrative deportation hearing. The district court[1] granted Duran a four-level downward departure on that ground. The court then sentenced him to 70 months in prison. The government appeals this four-level departure arguing that a permanent resident alien's waiver of administrative deportation proceedings should not support a downward departure. We affirm the district court's downward departure.

We review a district court's decision to depart from the guidelines for an abuse of discretion. See Koon v. United States, 518 U.S. 81, 91 (1996).

Duran correctly claims that, as a lawful permanent resident, he is entitled to the due process protections of the Fifth Amendment while he is in the United States and before an order of deportation is entered. Kwong Hai Chew v. Colding, 344 U.S. 590, 596 (1953). In the context of an administrative deportation hearing, those protections include the right to demand the filing of written notice, obtain legal representation, examine the evidence against him, present evidence, cross examine the government's witnesses, appeal the immigration judge's decision to the Board of Immigration Appeals, and challenge the constitutionality of removal procedures and standards. 8 U.S.C. § 1229(a); see also United States v. Sentamu, 212 F.3d 127, 131 (2d Cir. 2000) (detailing deportation hearing procedure). A permanent resident is also exempt from the expedited removal proceedings applicable to other aliens convicted of aggravated felonies. 8 U.S.C. § 1228(b).

We have held that "[i]n this circuit a sentencing court may grant a downward departure under U.S.S.G. § 5K2.0 for a defendant's willingness to waive resistance

---

[1] Judge Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation in the District of Nebraska.

2

to deportation, see United States v. Cruz-Ochoa, 85 F.3d 325, 325-26 (8th Cir. 1996), but the decision to depart or not is soundly within the district court's discretion. See United States v. Hernandez-Reyes, 114 F.3d 800, 803 (8th Cir. 1997)." United States v. Sera , 267 F.3d 872, 874 (8th Cir. 2001). The district court relied upon this pronouncement in exercising its discretion to depart.[2]

The government contends that because it did not join in a motion for a

---

[2] The district court reasoned:

THE COURT:  With respect to the defendant's argument under United States versus Cruz-Ochoa, the Court believes it's Eighth Circuit law that the Court has the legal authority to depart based upon the waiver of administrative entitlement to a hearing that the defendant has in this case.  The defendant – Mr. Duran, I need to ask you a question.  Your lawyer told me that you voluntarily were waiving your rights to any administrative hearing and agree to be deported.  Did you talk with your lawyer about that?
THE DEFENDANT:     Yes.
THE COURT:     And do you agree to be deported without the necessity of having a hearing?
THE DEFENDANT:     Yes.
THE COURT:     The Court believes that the defendant's [sic] entitled to a reduction based upon Cruz-Ochoa and his waiver of administrative hearing.  The Court further believes that a copy of the judgment and committal should be sent to the Immigration and Naturalization Service to inform them the defendant has in open court voluntarily waived his right to an administrative hearing.  The court is going to reduce the guideline sentence by four levels.

Sentencing Transcript, at 34-35.

departure based on the defendant's consent to voluntary deportation, as was the case in Cruz-Ochoa, the court did not have the authority to depart. See Cruz-Ochoa, 85 F.3d at 325-26 (remanding for court to consider a two-level downward departure based on the parties' joint motion citing defendant's waiver and consent to administrative deportation). However, this court has previously rejected the argument that both the government and the defendant must join in the motion for departure. See United States v. Garlich, 951 F.2d 161, 63 (8th Cir. 1991) ("A government motion is not a prerequisite to a departure based on unusual circumstances."). Moreover, we have stated before that the district court has "the authority to depart downward on the basis that [the defendant has] consented to an administrative deportation." Hernandez-Reyes, 114 F.3d at 802 (citation omitted).[3] We conclude a waiver of the administrative deportation proceeding due a resident alien is a

---

[3] In an unpublished decision, we affirmed a district court's decision to depart based on defendant's consent to voluntary deportation:

> If consent to voluntary deportation is a permissible ground for departure when the government has entered into a stipulation with the defendant, it does not transform into an impermissible ground–i.e., one based on the 'forbidden' factor of national origin–merely because the government does not join in the filing of the departure motion. Furthermore, the government's argument that consent to voluntary deportation is not a factor which will remove a particular defendant's case outside the heartland of cases is similarly foreclosed by our decisions in Cruz-Ochoa and Hernandez-Reyes.

United States v. Ramirez-Bernal, 187 F.3d 644, 1999 WL 475565, at *2 (8th Cir. 1999) (unpublished table decision). The Ramirez-Bernal court continued: "[W]e believe . . . that the government's position that a court cannot depart downward without a joint stipulation does not find support in the law of this circuit." Id. (citation omitted). But see United States v. Marin-Castaneda, 134 F.3d 551, 556 (3d Cir. 1998) ("The recommendation of the United States Attorney, while it may not be sufficient to convince a district court to depart downward on this basis [waiver of deportation hearing], is at least necessary for such a decision.").

4

sufficient basis for departure, notwithstanding the government's decision not to join the motion. Duran, as a resident alien, gave up substantial rights in waiving an administrative deportation hearing, and it was within the sound discretion of the district court to conclude that in doing so he has substantially assisted in the administration of justice.

It is unclear as to whether the government is also appealing the extent of the departure. In any event, we conclude that the district court did not abuse its discretion. A four-level departure is certainly at the outer limits of the extent of a departure under these circumstances. However, we cannot conclude that the government has shown an abuse of the district court's discretion in determining the extent of the departure.

Accordingly, we affirm the sentence imposed by the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.