**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 6, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ISMAEL SERRANO-RODRIGUEZ,

    Defendant - Appellant.

No. 15-5030
(D.C. No. 4:14-CR-00191-GKF-1)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.[**]

---

Defendant-Appellant Ismael Serrano-Rodriguez appeals from the revocation

of his supervised release and the imposition of a 12-month sentence running

consecutively to the sentence imposed in Northern District of Oklahoma case no.

14-CR-165-CVE. After reviewing the relevant facts and law and concluding that

she could not identify a non-frivolous ground to appeal, Mr. Serrano-Rodriguez's

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

counsel seeks to withdraw and has filed an <u>Anders</u> brief.  <u>Anders v. California</u>, 386 U.S. 738 (1967); Aplt. Br. at 5.  In reply to counsel's <u>Anders</u> brief, Mr. Serrano-Rodriguez argues his appeal has merit and he is entitled to a reduction in his sentence.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  After conducting an independent analysis of the case, we grant counsel's motion to withdraw and dismiss the appeal.

In 2002, Mr. Serrano-Rodriguez was sentenced to 84 months in custody followed by five years of supervised release for possession of methamphetamine with intent to distribute.  1 R. 19.  In 2011, after serving his sentence, Mr. Serrano-Rodriguez's supervised release was revoked following the violation of a condition prohibiting the commission of another federal, state, or local crime; Mr. Serrano-Rodriguez returned as a deported alien to the United States.  <u>Id.</u> at 22–23.  For this violation, Mr. Serrano-Rodriguez was sentenced to 10 months in custody, followed by 50 months of supervised release.  <u>Id.</u> at 24–25.  The same condition appeared in the terms of his new supervised release; Mr. Serrano-Rodriguez was prohibited from committing another federal, state, or local crime.  <u>Id.</u> at 25.

Mr. Serrano-Rodriguez again violated this condition – returning as a deported alien to the United States.  <u>Id.</u> at 31.  Mr. Serrano-Rodriguez waived his right to a revocation hearing and all the rights available in that hearing.  2 R. 4.  Additionally, he stipulated that he violated a condition of his supervised release.  <u>Id.</u>  As noted previously, the sentencing court imposed a 12-month custodial

sentence to run consecutively to a 37-month custodial sentence imposed a few days earlier.  Id. at 29–31.  Mr. Serrano-Rodriguez now appeals from the 12-month sentence and requests a downward departure and/or variance reducing his sentence to six months or less.

Under Anders, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous."  United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005).  Mr. Serrano-Rodriguez was served with a copy of counsel's Anders brief and has filed a response.  He contends that he is entitled to a sentence reduction under U.S. Sentencing Guidelines § 5k2.0(c) because he voluntarily waived his removal rights, is currently subjected to unusually harsh conditions of confinement, and will suffer severe post-conviction consequences from his confinement.

Pursuant to Anders, we conduct an independent review to determine whether Mr. Serrano-Rodriguez's claims are frivolous.  386 U.S. at 744–45.  We review an order revoking supervised release for an abuse of discretion.  United States v. McAfee, 998 F.2d 835, 837 (10th Cir. 1993).  Conversely, when reviewing a sentence imposed after the revocation of supervised release, we review the  factual findings for clear error and the legal conclusions de novo.  United States v. Tsosie, 376 F.3d 1210, 1217–18 (10th Cir. 2004).  We will not disturb a sentence that is both "reasoned and reasonable."  Id. at 1218.  A presumption of reasonableness is "appropriate in reviewing a revocation-of-

supervised-release sentence within the range suggested by the Commission's policy statements." United States v. McBride, 633 F.3d 1229, 1233 (10th Cir. 2011).

Conducting our review, we conclude that the district court's sentence was both reasoned and reasonable. The district court considered the sentencing guidelines and the factors listed in 18 U.S.C. § 3553(a). 2 R. 29–30. The court also considered the "nature and circumstances of the violations and the history and characteristics of the defendant." Id. at 30. At sentencing, neither the government nor the defendant filed a motion or sentencing memorandum requesting a departure or variance from the guideline range. Id. at 29. The sentence imposed by the district court is at the minimum of the applicable sentencing guideline range, see U.S.S.G. § 7B1.4 (2014), and therefore presumed reasonable.

Mr. Serrano-Rodriguez's arguments do not warrant a variance or downward departure. Throughout his brief, Mr. Serrano-Rodriguez cites to mitigating factors including statements by former Attorney General Holder regarding the large prison population in the United States, the idea that his guilty plea and waiver of removal rights should entitle him to an automatic downward variance, and the argument that but for his alienage, he would be entitled to significant benefits. Even assuming that all of the factors offered by Mr. Serrano-Rodriguez are factually accurate, they are insufficient to rebut the presumption of

reasonableness attached to his sentence.

"[I]n many cases there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." United States v. McComb, 519 F.3d 1049, 1053 (10th Cir. 2007). The cases relied upon by Mr. Serrano-Rodriguez all underscore this premise; a sentence within the guideline range is presumptively reasonable. See, e.g., United States v. Jauregui, 314 F.3d 961, 963 (8th Cir. 2003) (holding that although the waiver of removal proceedings is a factor the district court may consider, "the decision to depart or not is soundly within the district court's discretion"). Nothing offered by Mr. Serrano-Rodriguez rebuts this presumption nor does it suggest the sentence was outside of the court's "realm of rationally available choices." McComb, 519 F.3d at 1053.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge
